FILED
SEP 19 2013
DAVID CREWS CLERK
By: _____ Deputy

IN THE COUNTY COURT OF WASHINGTON COUNTY, MISSISSIPPI

**MICHAEL PRINCE, JR.**                          **PLAINTIFF**

V.                          CIVIL ACTION NO. 2013.0217 CO

MSN: 4:13CV-165-JMV

**WASHINGTON COUNTY SHERIFF'S OFFICE,**
**WASHINGTON COUNTY BOARD OF SUPERVISORS,**
**SHERIFF MILTON GASTON,**
in his official capacity,
**LIEUTENANT MACK WHITE,**
in his individual and official capacity,
**DEPUTY MARSHAL BADGE. NO SO28,**
in his individual and official capacity, and
**JOHN DOES 1-10**                           **DEFENDANTS**

Received & Filed
JUN 19 2013
Barbara Esters-Parker
By: _____ D.C.

## COMPLAINT

**COMES NOW**, the Plaintiff, Michael Prince, Jr., by and through counsel, and files this, his Complaint against Defendants, and in support would show the following, to-wit:

### PARTIES

1. Michael Prince, Jr. is an adult resident of Washington County, Mississippi and resides at 590 Hamel Street, Greenville, Mississippi 38701.

2. Defendant Washington County Sheriff's Office is a police organization incorporated under the laws of the State of Mississippi, a public entity, and can be served with process through its chief officer, Sheriff Milton Gaston, at his office at the Washington County Sheriff's Office.

3. Defendant Washington County Board of Supervisors is a political subdivision operating under the laws of the State of Mississippi, a public entity, and can be served with process through its President, Paul Watson, Jr., at his usual place of business, located at 910 Courthouse Lane, Greenville, Mississippi 38702.

4. Washington County Sheriff Milton Gaston is the Sheriff, chief officer, and director of the Washington County Sheriff's Office and serves as the duly elected Sheriff of Washington County, Mississippi. He is responsible for designing and devising policies for training and enforcement, and for developing policies regarding arrests, search, seizure, use of force, and other policies of the Washington County Sheriff's Office. He can be served with process at his office at the Washington County Sheriff's Office.

5. Lieutenant Mack White ("White") was at all times relevant, an employee of the Washington County Sheriff's Office acting within the course and scope of his employment, and can be served with process at his usual place of business at the Washington County Sheriff's Office.

6. Deputy Marshal Badge No. SO28 ("Marshal") was at all times relevant, an employee of the Washington County Sheriff's Office acting within the course and scope of his employment, and can be served with process at his usual place of business at the Washington County Sheriff's Office.

7. John Does 1-10 are liable to the Plaintiff to the same extent as the named Defendants. Although the Plaintiff has been diligent in his efforts to determine the exact identity of the John Doe Defendants, he has been unable to so determine their identity. They will be served with process upon discovery of their identity.

## JURISDICTION AND VENUE

8. This Court has concurrent jurisdiction over this claim as a violation of a United States citizen's rights under the laws of the United States has occurred. This claim is brought pursuant to 42 U.S.C. § 1983.

9. This Court also has jurisdiction over this claim as it is brought under the laws of the State of Mississippi, namely the Mississippi Tort Claims Act.

10. Venue is proper as all acts, errors, and omissions occurred or accrued in Washington County, Mississippi.

## FACTS

11. On or about March 17, 2012, the Washington County Sheriff's Office was dispatched to Wayne Pierce trailer park on Leland Road.

12. Upon their arrival at the trailer park, Sheriff's deputies arrested Michael Prince on charges of disturbing the peace, public drunk, and resisting arrest.

13. Acting within the course and scope of their employment, Sheriff's deputies brutally beat and used excessive force on Prince without authority of law with a flashlight during the course of the arrest.

14. Prince was not armed at any point and did nothing to resist any arrest or threaten the officers in any manner.

15. As a result of the beating/excessive force, Prince suffered severe injuries to his eyes, teeth, and face.

16. As a result of the beatings, one of Prince's optic nerves had deviated within the orbit and Prince was coughing up blood, had several broken teeth, was unable to straighten out his fingers, and had several areas of swelling on his face.

17. Defendants violated Michael Prince's constitutional rights as protected by the Fourth, Eighth, and Fourteenth Amendments by performing an unreasonable seizure, treating Michael Prince in a cruel and unusual manner, and by denying him of a liberty interest.

18. Defendants White, Marshal, and John Does 1-10 were duly appointed uniformed law enforcement officers of the Washington County Sheriff's Office. As such, each of these Defendants were duly appointed agents authorized to enforce the laws of the State of Mississippi, and were so acting under color of law at all times relevant to this action.

19. At all times relevant and material, Defendants White, Marshal, and John Does 1-10 were wearing the standard uniform of a Washington County Sheriff's Office deputy.

20. The failure of the Washington County Sheriff's Office to properly train and supervise its deputies is the proximate cause of Plaintiff's injuries. The Office's use of force policy and civil rights policy are also proximate causes of Plaintiff's injuries.

21. As a direct and proximate result of the intentional and/or careless and/or negligent acts of the Defendants, Michael Prince was beaten and abused without probable cause or provocation.

22. As a direct and proximate cause result of the aforesaid, Michael Prince suffered injuries of a personal and pecuniary nature, including but not limited to: medical expenses, pain and suffering, loss of wages, severe physical injuries, pain and bodily injury, permanent scarring, and mental anguish.

## COUNT ONE

23. Plaintiff reasserts, realleges, and incorporates by reference all allegations contained in the previous paragraphs as if more fully set forth herein.

24. This cause of action is brought by the Plaintiff against the Defendants for Assault and Battery.

25. As a direct, immediate, and proximate result of the intentional and/or negligent acts of the Defendants, Michael Prince sustained severe physical injuries, great pain and bodily injury, medical bills, permanent scarring, loss of wages, past, present, and future physical pain, and mental anguish as a result of said injuries and other injuries to be proven at trial.

## COUNT TWO

26. Plaintiff reasserts, realleges, and incorporates by reference all allegations contained in

the previous paragraphs as if more fully set forth herein.

27. This cause of action is brought by the Plaintiff against the Defendants for their negligent and wrongful acts or omissions, including negligent handling of the Plaintiff's person.

28. As a direct, immediate, and proximate result of the intentional and/or negligent acts of the Defendants, Michael Prince sustained severe physical injuries, great pain and bodily injury, medical bills, permanent scarring, loss of wages, past, present, and future physical pain, and mental anguish as a result of said injuries and other injuries to be proven at trial.

### COUNT THREE

29. Plaintiff reasserts, reallages, and incorporates by reference all allegations contained in the previous paragraphs as if more fully set forth herein.

30. This cause of action is brought by the Plaintiff against the Defendants for their grossly negligent and reckless acts, including but not limited to striking Prince on the head, mouth, and face with a metal flashlight.

31. As a direct, immediate, and proximate result of the intentional and/or negligent acts/of the Defendants, Michael Prince sustained severe physical injuries, great pain and bodily injury, medical bills, permanent scarring, loss of wages, past, present, and future physical pain, and mental anguish as result of said injuries and other injuries to be proven at trial.

### COUNT FOUR

32. Plaintiff reasserts, realleges, and incorporates by reference all allegations contained in the previous paragraphs as if more fully set forth herein.

33. This cause of action is brought by the Plaintiff against the Defendants for deprivation of constitutional rights within the meaning of 42 U.S.C. § 1983.

34. The above described actions subjected Plaintiff to a deprivation of rights and privileges secured to him by the Constitution and laws of the United States, including the Fourth Amendment, the Eighth Amendment, and the due process clause of the Fourteenth Amendment, within the meaning of 42 U.S.C. § 1983.

35. As a direct, immediate, and proximate result of the aforementioned unconstitutional acts by the Defendants, Michael Prince sustained severe physical injuries, great pain and bodily injury, medical bills, permanent scarring, loss of wages, past, present, and future physical pain, and mental anguish as a result of said injuries and other injuries to be proven at trial.

## COUNT FIVE

36. Plaintiff reasserts, realleges, and incorporates by reference all allegations contained in the previous paragraphs as if more fully set forth herein.

37. This cause of action is brought by the Plaintiff against the Defendants for interference of constitutional and statutory rights within the meaning of the Constitution of the State of Mississippi and the statutory provisions of the County of Washington.

38. The above described actions interfered with the Plaintiff's exercise of enjoyment of his rights secured by the Constitution and laws of the State of Mississippi, and particularly within the meaning of the right to be free from punishment without due process, as required by the Constitution of the State of Mississippi.

39. As a direct, immediate, and proximate result of the aforementioned unconstitutional and illegal acts of the Defendants, Michael Prince sustained severe physical injuries, great pain and bodily injury, medical bills, permanent scarring, loss of wages, past, present, and future physical pain, and mental anguish as a result of said injuries and other injuries to be proven at trial.

## COUNT SIX

40. Plaintiff reasserts, realleges, and incorporates by reference all allegations contained in the previous paragraphs as if more fully set forth herein.

41. The above described actions by Defendants White, Marshal and John Does 1-10, resulted from the carelessness of Defendants Washington County Sheriff's Office and Washington County Board of Supervisors, their agents, servants, employees, or other representatives, in hiring and failing to properly train Defendants White, Marshal, and John Does 1-10.

42. As a direct, immediate, and proximate result of the aforementioned failure to train or supervise the officers involved, Michael Prince sustained severe physical injuries, great pain and bodily injury, medical bills, permanent scarring, loss of wages, past, present, and future physical pain, and mental anguish as a result of said injuries and other injuries to be proven at trial.

## COUNT SEVEN

43. Plaintiff reasserts, realleges, and incorporates by reference all allegations contained in the previous paragraphs as if more fully set forth herein.

44. This cause of action is brought by the Plaintiff against the Defendants for excessive and unnecessary use of force.

45. As a direct, immediate, and proximate result of the excessive force, which was in violation of the Fourth and Eighth Amendments, Michael Prince suffered injuries which resulted directly and only from the use of force that was clearly excessive to the need and in addition, was objectively unreasonable.

46. As a direct, immediate, and proximate result of the excessive force used, Michael Prince sustained severe physical injuries, great pain and bodily injury, medical bills, permanent

scarring, loss of wages, past, present, and future physical pain, and mental anguish as a result of said injuries and other injuries to be proven at trial.

## COUNT EIGHT

47. Plaintiff reasserts, realleges, and incorporates by reference all allegations contained in the previous paragraphs as if more fully set forth herein.

48. This cause of action is brought by the Plaintiff against Defendants Washington County Sheriff's Office and Washington County Board of Supervisors, for deprivation by its agents, servants, or employees, including Defendants White, Marshal, and John Does 1-10, of the Plaintiff's constitutional rights within the meaning of 42 U.S.C. § 1983.

49. As a direct, immediate, and proximate result of the unconstitutional acts of Defendants White, Marshal, and John Does 1-10, while acting as agents, servants, or employees of Defendants Washington County Sheriff's Office and Washington County Board of Supervisors, Michael Prince sustained severe physical injury, great pain and bodily injury, medical bills, permanent scarring, loss of wages, past, present, and future physical pain, and mental anguish as a result of said injuries and other injuries to be proven at trial.

## COUNT NINE

50. Plaintiff reasserts, realleges, and incorporates by reference all allegations contained in the previous paragraphs as if more fully set forth herein.

51. This cause of action is brought by the Plaintiff against the Defendants for failure to provide adequate medical assistance as required under 42 U.S.C. § 1983.

52. As a direct, immediate, and proximate result of the aforementioned unconstitutional acts by the Defendants, Michael Prince was denied timely medical assistance and treatment, which resulted in severe physical injury, great bodily pain and injury, medical bills,

permanent scarring, loss of wages, past, present, and future physical pain, and mental anguish as a result said injuries and other injuries to be proven at trial.

## DAMAGES

53. Plaintiff reasserts, reallages, and incorporates by reference all allegations contained in the previous paragraphs as if more fully set forth herein.

54. As a result of the beating Prince received at the hands of the Sheriff's deputies, he suffered damages of a personal and pecuniary nature.

55. He has suffered permanent disfigurement, past, present, and future medical expenses, mental anguish, severe physical injuries, pain and bodily injury, loss of wages, and pain and suffering. In addition, Prince has incurred a large amount of medical bills.

56. Were it not for the acts and/or omissions of the Sheriff's deputies, Prince would not have suffered these grievous and lasting injuries.

57. The acts, omissions, errors, failures, breaches, and conduct, including gross negligence and intentional misconduct, including but not limited to deprivation of rights under 42 U.S.C. § 1983, on the part of the Defendants, was willful, wanton, and exhibited a reckless disregard for the rights of the Plaintiff, and therefore, these actions, omissions, errors, failures, breaches, and conduct justify an award of punitive and/or exemplary damages, including all costs of court, attorney fees, and all damages contemplated by 42 U.S.C. § 1983.

WHEREFORE, premises considered, Plaintiff demands judgment of and from the Defendants for all injuries proximately caused or contributed to by their negligence, recklessness, gross negligence, wantonness, and other acts including all amounts contemplated under 42 U.S.C. § 1983 and prejudgment interest, costs of court and reasonable attorney fees, and punitive damages in an amount to be calculated to deter Defendants. Plaintiff also prays for any other relief, both legal and equitable, to

which the Plaintiff may be entitled.

       This the 18 day of June, 2013.

                                      MICHAEL PRINCE, JR.

                                      By: _____

                                      Derek L. Hall (MSB# 10194)

Of Counsel for Plaintiff:

Derek L. Hall
Derek L. Hall, PLLC
1911 Dunbarton Drive
Jackson, MS 39216
Office: (601) 981-4450
Facsimile: (601) 981-4717
Email: derek@dlhattorneys.com

Michael Duncan
Duncan Kent, PLLC
571 Highway 51, Suite B
Ridgeland, MS 39157
Office: (601) 206-0288
Email: michael@duncankentpllc.com

DLH/jm

cc: Michael Prince, Jr.