**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MICHAEL PRINCE**                                                                    **PLAINTIFF**

**VS.**                                            **CASE NUMBER: 4:13cv165-JMV**

**WASHINGTON COUNTY SHERIFF'S OFFICE,
WASHINGTON COUNTY BOARD OF SUPERVISORS,
SHERIFF MILTON GASTON, in his Official Capacity,
LIEUTENANT MACK WHITE,
in his individual and official capacity,
DEPUTY MARSHALL BADGE NO. SO28,
in his individual and official capacity, and
JOHN DOES 1-10**                                         **DEFENDANTS**

**ANSWER AND DEFENSES**

**COMES NOW** Washington County Sheriff's Office, Washington County Board of Supervisors, Sheriff Milton Gaston, Lieutenant Mack White and Deputy Marvin Marshall, incorrectly named as Deputy Marshall Badge No. SO28, by and through counsel, and files their answer to the Complaint filed herein and in support thereof would show unto the Court as follows:

**FIRST DEFENSE**

The Complaint fails to state a cause of action upon which relief can be granted against Defendants and should, therefore, be dismissed at the cost of Plaintiff.

**SECOND DEFENSE**

No elected or appointed official of any Defendant committed any act or omission within the sphere of official responsibility which said official knew or reasonably should have known would have violated the constitutional rights of the Plaintiff, or in the alternative, damaged or injured the Plaintiff in any manner whatsoever; and that no such official committed any act or omission with

malicious intention to cause a deprivation of the Plaintiff's constitutional rights or cause injury or harm to Plaintiff as a result of the actions taken or complained of.

### THIRD DEFENSE

No Defendant has authored, enacted, implemented, subscribed to, acquiesced in, or upheld any law, regulation, policy, practice, or custom which deprive the Plaintiff or any other party of a federally or state protected law; and that no official policy, custom or practice is responsible for the deprivation of any rights protected by the State or Federal Constitutions.

### FOURTH DEFENSE

Defendants Washington County Board of Supervisors is a governmental subdivision of the State of Mississippi, and is therefore immune from suit which immunity is specifically pleaded as a bar hereto.

### FIFTH DEFENSE

That under the law, Defendants are not subject to the doctrine of *respondeat superior* for any of the alleged act or omission claimed to have been committed by any of its employees in this action.

### SIXTH DEFENSE

That the claims of the Plaintiff as contained in his Complaint which was filed herein by the Plaintiff was not warranted by existing law or filed in good faith with the extension, modification or reversal of existing law; that it was interposed for the improper purpose of harassing the Defendants; that the Complaint is subject to the provisions of Rule 11 of the Federal Rules of Civil Procedure; and that Defendants requests all relief authorized by Rule 11.

### SEVENTH DEFENSE

Some or all of the Plaintiff's claims are barred by the applicable statute of limitations.

ANSWER.wpd                                    2

**EIGHTH DEFENSE**

Any injury or damage allegedly suffered by the Plaintiff as a result of events complained of was caused solely by reason of the unlawful or wrongful acts and conduct of others not connected with Defendants; and that the acts of the duly elected and appointed officials of Washington County, Mississippi, were, in every sense, lawful, proper and responsible and were done in compliance with state law and in conjunction with their sworn duty to follow the law.

**NINTH DEFENSE**

The Plaintiff's own wrongful acts, omissions and conduct were the sole proximate cause, or a contributing cause, to the Plaintiff's injuries and damages, if any.

**TENTH DEFENSE**

That all action taken by Defendants and their employees was such that Defendants are immune from civil liability for the reason that the acts and actions of its employees were official acts of the State of Mississippi requiring the exercise of reasonable judgment in the officers official capacities as law enforcement officers; that all action taken by employees of Defendants were undertaken in good faith and upon reasonable cause which cannot be made the basis of any action for civil liability; that as a result of the original conduct of the employees of Defendants, Defendants are immune from this suit.

**ELEVENTH DEFENSE**

Defendants had probable cause based upon reasonable grounds to believe that Plaintiff was engaged in criminal activity and that the actions of Defendants were justified, reasonable and warranted under the circumstances.

**TWELFTH DEFENSE**

Defendants had legitimate law enforcement reasons for all actions taken in regard to the Plaintiff.

### THIRTEENTH DEFENSE

If applicable, and to the extent permitted by law, Defendants invoke the limitations of liability as provided in Mississippi Code Annotated § 85-5-7.

### FOURTEENTH DEFENSE

Defendants invoke the limitation of liability, protections and limitations as provided for in Mississippi Code Annotated §11-46-1, *et seq.*

### FIFTEENTH DEFENSE

To the extent the Complaint seeks punitive damages, Defendants invoke all applicable provisions of § 11-1-65 of the *Mississippi Code Annotated* (1972), as amended.

### SIXTEENTH DEFENSE

Some or all of the Defendants have absolute or qualified immunity from suit with respect to some or all of the claims of the Plaintiff and on account thereof, this suit should be dismissed.

### SEVENTEENTH DEFENSE

The acts or omissions complained of as against Defendants falls short of the deliberate indifference standard as set forth in the Eighth Amendment to the United States Constitution.

### EIGHTEENTH DEFENSE

To the extent the Complaint seeks punitive damages:

A.　Defendants state that Plaintiff's claim for punitive damages is violative of the Eighth, Fifth, Fourteenth and Sixth Amendments to the United States Constitution as an excessive fine, criminal penalty and depravation of equal protection and due process. In addition, the claim for

punitive damages similarly violates Article III, Section 28 and Article III, Section 14 of the Mississippi Constitution.

  B. The imposition of punitive damages in this case would violate the Due Process Clause of amendment V and XIV of the United States Constitution and Article 3, Section 14 of the Mississippi Constitution because the imposition of punitive damages would violate this Defendant's right to substantive due process.

  C. The imposition of punitive damages in this case would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, jointly and separately, of the Constitution of the United States and Article 3, Sections 14, 16, 22, 23, 24, 26, 28 and 31, jointly and separately, of the Mississippi Constitution in each of the following separate and several ways:

   a) Joint and several judgments may be awarded against multiple defendants for different alleged acts of wrongdoing.

   b) There are no means provided for awarding separate judgments against alleged joint tortfeasors.

   c) There is no limit placed on the amount of the award against defendants.

   d) There are no specific standards provided upon which to base an award of punitive damages against Defendants.

   e) There are no provisions for clear and consistent appellate standards of review of any award of punitive damages against Defendants.

   f) The standards of conduct upon which punitive damages are sought against Defendants are vague and ambiguous.

   g) The procedures to be followed allow the imposition of excessive punitive damages.

  h)  The procedures to be followed fail to provide a meaningful opportunity for challenging the excessiveness of such awards.

  i)  Mississippi law permits the imposition of punitive damages which are vastly disproportionate to any actual or compensatory injury.

  j)  The award of punitive damages would constitute an arbitrary and capricious taking of the property of defendants, separately and severally, which is unjustified by any rational governmental interest.

 D. The imposition of punitive damages in this case would violate the equal protection clause of Amendments V and XIV of the United States Constitution and would deprive Defendants, separately and severally, of the right to equal protection under the laws as provided in Article 3, Sections 14, 24 and 26 of the Mississippi Constitution, among other reasons, criminal defendants are placed in a position of distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently specific and objective standards for the imposition of punitive damages fails to insure equality of treatment between and among similarly situated civil defendants in the same case or in different case.

 E. Plaintiff's demand for punitive damages is unconstitutional pursuant to XIV Amendment to the United States Constitution, and Article 3 Section 14 of the Mississippi Constitution, providing that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are vague and not rationally related to any legitimate government interest.

 F. Plaintiff's demand for punitive damages is unconstitutional under the Constitution of the State of Mississippi, Article 3, Section 26 and is unconstitutional under the Fifth Amendment

to the United States Constitution, in that damages claimed are penal in nature, while Defendants, separately and severally, are compelled to disclose documents and/or other evidence without the constitutional safeguard against self-incrimination set out in said passages.

      G.      The assessment and adjudication against Defendants, separately and severally, of any punitive damages other than those measured according to its sole, individual wrongdoing would be improper and impermissible and in violation of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, jointly and separately, of the constitution of the United States and Article 3, Sections 14, 16, 22, 23, 24, 26, 28 and 31, jointly and separately, of the Mississippi Constitution.

### NINETEENTH DEFENSE (ANSWER)

**AND NOW,** in response to the specific allegations of the Complaint, Defendants answer as follows:

1. The allegations of Paragraph 1 are admitted.

2. The allegations of Paragraph 2 are denied.

3. The allegations of Paragraph 3 are admitted.

4. The allegations of Paragraph 4 are admitted.

5. The allegations of Paragraph 5 are admitted.

6. Except to state that the correct name for this Defendant is Deputy Marvin Marshall, the allegations of Paragraph 6 are admitted.

7. The allegations of Paragraph 7 are denied.

8. The allegations of Paragraph 8 are admitted.

9. The allegations of Paragraph 9 are admitted.

10. The allegations of Paragraph 10 are admitted.

11. The allegations of Paragraph 11 are admitted.

12. The allegations of Paragraph 12 are admitted.

13. The allegations of Paragraph 13 are denied.

14. The allegations of Paragraph 14 are denied.

15. The allegations of Paragraph 15 are denied.

16. The allegations of Paragraphs 16 are denied.

17. The allegations of Paragraph 17 are denied.

18. The allegations of Paragraph 18 are admitted.

19. The allegations of Paragraph 19 are admitted.

20. The allegations of Paragraph 20 are denied.

21. The allegations of Paragraph 21 are denied.

22. The allegations of Paragraph 22 are denied.

23. Defendants adopt and incorporate herein by reference their response to Paragraphs 1-22 above.

24. The allegations of Paragraph 24 are denied.

25. The allegations of Paragraph 25 are denied.

26. Defendants adopt and incorporate herein by reference their response to Paragraphs 1-25 above.

27. The allegations of Paragraph 27 are denied.

28. The allegations of Paragraph 28 are denied.

29. Defendants adopt and incorporate herein by reference their response to Paragraphs 1-28 above.

30. The allegations of Paragraph 30 are denied.

31. The allegations of Paragraph 31 are denied.

32. Defendants adopt and incorporate herein by reference their response to Paragraphs 1-31 above.

33. The allegations of Paragraph 33 are denied.

34. The allegations of Paragraph 34 are denied.

35. The allegations of Paragraph 35 are denied.

36. Defendants adopt and incorporate herein by reference their response to Paragraphs 1-35 above.

37. The allegations of Paragraph 37 are denied.

38. The allegations of Paragraph 38 are denied.

39. The allegations of Paragraph 39 are denied.

40. Defendants adopt and incorporate herein by reference their response to Paragraphs 1-39 above.

41. The allegations of Paragraph 41 are denied.

42. The allegations of Paragraph 42 are denied.

43. Defendants adopt and incorporate herein by reference their response to Paragraphs 1-42 above.

44. The allegations of Paragraph 44 are denied.

45. The allegations of Paragraph 45 are denied.

46. The allegations of Paragraph 46 are denied.

47. Defendants adopt and incorporate herein by reference their response to Paragraphs

1-46 above.

48. The allegations of Paragraph 48 are denied.

49. The allegations of Paragraph 49 are denied.

50. Defendants adopt and incorporate herein by reference their response to Paragraphs 1-49 above.

51. The allegations of Paragraph 51 are denied.

52. The allegations of Paragraph 52 are denied.

53. Defendants adopt and incorporate herein by reference their response to Paragraphs 1-52 above.

54. The allegations of Paragraph 54 are denied.

55. The allegations of Paragraph 55 are denied.

56. The allegations of Paragraph 56 are denied.

57. The allegations of Paragraph 57 are denied.

58. The allegations of that certain un-numbered paragraph beginning with "WHEREFORE" and it is further denied that Plaintiff is entitled to any relief whatsoever.

**WHEREFORE,** Defendants prays that the Complaint filed herein against it be dismissed with all costs taxed to the Plaintiff.

Dated: October 1, 2013.

        **Respectfully Submitted,**

        *s/P. Scott Phillips, Esq.*
        **P. Scott Phillips, Esq.**
        **MS Bar No. 4168**
        **CAMPBELL DeLONG, LLP**
        **Attorney for Defendants**

>923 Washington Avenue
>P.O. Box 1856
>Greenville, MS 38702-1856
>Telephone: (662) 335-6011
>Facsimile: (662) 334-6407
>E-mail: sphillips@campbelldelongllp.com

### CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will provide electronic notification to the following person:

Derek L. Hall    derek@dlhattorneys.com

I hereby certify that I have served via *U.S. Mail* the foregoing to the following non-ECF participant on October 1, 2013:

Michael Duncan
Duncan Kent, PLLC
571 Highway 51, Suite B
Ridgeland, MS 39157

>s/*P. Scott Phillips, Esq.*
>**MS Bar No. 4168**
>**CAMPBELL DeLONG, LLP**
>**Attorney for Defendants**