IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MICHAEL PRINCE**                                                                  **PLAINTIFF**

**VS.**                                                **CASE NUMBER: 4:13cv165-JMV**

**WASHINGTON COUNTY SHERIFF'S OFFICE,**
**WASHINGTON COUNTY BOARD OF SUPERVISORS,**
**SHERIFF MILTON GASTON, in his Official Capacity,**
**LIEUTENANT MACK WHITE,**
**in his individual and official capacity,**
**DEPUTY MARSHALL BADGE NO. SO28,**
**in his individual and official capacity, and**
**JOHN DOES 1-10**                          **DEFENDANTS**

## MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SOME OF PLAINTIFF'S CLAIMS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**COMES NOW**, Defendants, Washington County Sheriff's Office, Washington County Board of Supervisors, Mississippi, Sheriff Milton Gaston, in his Official and Individual Capacities, and Lieutenant Mack White and Deputy Marvin Marshall [incorrectly named as Deputy Marshall Badge No. SO28], by and through counsel, and submit this Memorandum of Authorities in Support of Defendants' Motion to Dismiss Some of Plaintiff's Claims for Failure to State a Claim Upon Which Relief Can Be Granted pursuant to Fed. R. Civ. P. 12(b)(6).

### INTRODUCTION

On June 19, 2013, this civil action was commenced by Plaintiff filing a Complaint in the County Court of Washington County, Mississippi. Defendants removed this action to this Court. The Complaint brings actions arising under 42 U.S.C. § 1983 and Mississippi state law claims. *See* Complaint [Doc. # 2].

The Washington County Sheriff's Department is not a separate legal entity subject to suit; therefore, it should be dismissed. The governmental defendants are not liable for the claims of assault and battery allegedly committed by its employees, so those claims should be dismissed as to the governmental defendants. The state law claims of assault and battery against the individual defendants are time-barred and should be dismissed. Finally, all claims of punitive damages against the governmental defendants should be dismissed as such damages may not be assessed against governmental entities.

## STANDARD UNDER FEDERAL RULE 12(b)(6)

Rule 12(b)(6) provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted. *Fed.R.Civ.P. 12(b)(6)*. Under the rule, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Ainsworth v. Gildea,* No. 3:09-cv-68, 2009 U.S. Dist. LEXIS 95477, at *10 (S.D. Miss. Oct. 14, 2009)(citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

## ARGUMENT AND AUTHORITIES

A.  **Washington County Sheriff's Office.**

In his Complaint, Plaintiff names the "Washington County Sheriff's Office" as a named defendant. It is well known that a sheriff's office or department does not have the capacity to be sued in Mississippi. In fact, Judge Sharion Aycock recently dismissed the Washington County Sheriff's Department on account of it not being an entity capable of being sued. See Memorandum Opinion, dated March 18, 2013 (Doc. #40), *Wigginton v. Washington County, Mississippi, et al*, No. 4:12cv051. In *Cosner v. Lee County Sheriff's Department,* 2010 WL 1759539 (N.D.Miss., March 16, 2010), Magistrate Judge Jerry Davis analyzed the capacity of the Lee County Sheriff's

Department to be sued. In recommending dismissal with prejudice, Magistrate Davis said:

> Because the Lee County Sheriff's Department under the laws of the state of Mississippi has no legal identity separate from Lee County it is not subject to suit. *Brown v. Thompson*, 927 So.2d 733 (Miss.2006) (A sheriff's department is not a political subdivision for purposes of the Mississippi Tort Claims Act and the case against it was properly dismissed,); *Whiting v. Tunica County Sheriff's Dept.*, 222 F.Supp.2d 809 (N.D .Miss.2002), overruling recognized on a different issue in *Montgomery v. Mississippi*, 498 F.Supp.2d 892 (S.D.Miss.2007) (The sheriff's office was not amenable to suit according to Mississippi law, because the plaintiff failed to show it enjoyed an existence separate from the county. Citing *Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir.1991)).
>
> The undersigned recommends that the Lee County Sheriff's Department be dismissed with prejudice from this action as it is not an entity subject to suit under the laws of the State of Mississippi.

*Cosner v. Lee County Sheriff's Department* at *1. See also, *Bradley v. City of Jackson, et al*, 2008 WL 2381517 (S.D.Miss. June 5, 2008)(dismissing Jackson police department as a defendant).

Because the Washington County Sheriff's Office is nothing more than a department of Washington County and not a separate legal entity, it has no capacity to be sued. Also, naming the Washington County Sheriff's Office is redundant since Washington County is named already. Accordingly, this Court should dismiss the Washington County Sheriff's Office as a named defendant.

**B.     Defendants, Washington County, Mississippi and Milton Gaston, in his Official Capacity, are immune from state law claims of assault and battery.**

As governmental entities under the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, *et seq*, Defendants Washington County, Mississippi, and Milton Gaston in his official capacity, may not be held liable for allegations of assault and battery alleged committed by one of its employees. The pertinent provision of the MTCA provides as follows:

> (2) For purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment and a

>> governmental agency shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or **any criminal offense other than traffic violations**.

MISS. CODE ANN. § 11-46-5 (2) (1972). (Bold added for emphasis). Count One of the Plaintiff's Complaint alleges a "cause of action . . . against the Defendants for Assault and Battery." *See* Complaint, ¶ 24, Doc. #2. Under Mississippi law, assault and battery are criminal offenses. MISS. CODE ANN. §97-3-7. Because the MTCA specifically states that a governmental agency "shall not be liable or considered to have waived immunity for any conduct of its employee if the employee's conduct constituted . . . any criminal offense other than traffic violations", said governmental defendants are immune from any such cause of action and such claims should be dismissed as against the governmental defendants, Washington County, Mississippi and Milton Gaston, in his Official capacity.

**C.     Claims of Assault and Battery Against Individual Defendants are Barred by the Statute of Limitation.**

For the reasons stated herein, if only timely, Count One in the Complaint alleging assault and battery could have been asserted against the individual defendants, Lieutenant Mack White and Deputy Marvin Marshall [incorrectly named as Deputy Marshall Badge No. SO28] and Milton Gaston, in his individual capacity. As the actions giving rise to these claims are not considered to have been made in the course and scope of employment under the MTCA as set forth in § 11-46-5 (2) as set forth above, this conduct is not governed by the MTCA. Instead, these claims are governed by Mississippi law applicable to private citizens. Under MISS. CODE ANN. §15–1–35 (1972), Plaintiff's claims of assault and battery are barred as a matter of law. Section 15–1–35 provides:

>> All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title,

>   for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after.

The conduct alleged to have constituted an assault and battery occurred on May 17, 2012. *See* Complaint, ¶11, Doc. #2. Plaintiff did not file this action until June 19, 2013, more than one (1) year after the accrual of the cause of action. Accordingly, as a matter of law claims of assault and battery against the individual defendants are time-barred and should be dismissed.

        **D.     Punitive Damages Claims Should be Dismissed.**

Whether the cause of action is under § 1983 or under the state law claims, the Plaintiff is not allowed to recover punitive damages against the governmental defendants as a matter of law. In *Nathaniel v. Mississippi Department of Wildlife, Fisheries and Parks,* 2010 WL 2106953 (S.D.Miss. May 25, 2010), Judge Wingate appropriately held that punitive damages cannot be assessed against political subdivisions under Title VII or state law claims. *Id.* at *6, citing Mississippi Code Annotated § 11–46–15(2) of the MTCA and *Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 465–66 (5th Cir.2001) (holding that assessment of punitive damages in a Title VII claim against a sheriff constituted plain error and reversing the award even though the appellants failed to properly preserve their objection). See also, *Baker v. Runyon*, 114 F.3d 668 (7th Cir. 1997). Accordingly, there is no basis for asserting punitive damages in the instant action against Washington County, Mississippi or Milton Gaston, in his official capacity, and such claims should be dismissed.

<strong><u>CONCLUSION</u></strong>

For the reasons stated above, Defendants pray as follows:

     (a)     That the Washington County Sheriff's Office be dismissed on account of it lacking capacity to be sued;

     (b)     That the state law claims of Assault and Battery be dismissed as against Washington

County, Mississippi, and Milton Gaston, in his Official Capacity pursuant to MISS. CODE ANN. § 11-46-5 (2) (1972) ;

      (c)      That the state law claims of Assault and Battery be dismissed as to the individual defendants on the grounds that such claims are time-barred under MISS. CODE ANN. §15–1–35; and

      (c)      That all claims of punitive damages should be dismissed against Washington County, Mississippi, and Milton Gaston, in his Official Capacity as such damages may not be assessed against governmental entities.

Dated: October 1, 2013.

                              **Respectfully Submitted,**

                              *s/P. Scott Phillips, Esq.*
                              **P. Scott Phillips, Esq.**
                              **MS Bar No. 4168**
                              **CAMPBELL DeLONG, LLP**
                              **Attorney for Defendants**
                              **923 Washington Avenue**
                              **P.O. Box 1856**
                              **Greenville, MS 38702-1856**
                              **Telephone: (662) 335-6011**
                              **Facsimile: (662) 334-6407**
                              **E-mail: sphillips@campbelldelongllp.com**

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 1, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will provide electronic notification to the following person:

  Derek L. Hall  derek@dlhattorneys.com


  I hereby certify that I have served via ***U.S. Mail*** the foregoing to the following non-ECF participant on October 1, 2013:

  Michael Duncan
  Duncan Kent, PLLC
  571 Highway 51, Suite B
  Ridgeland, MS 39157


           s/*P. Scott Phillips, Esq.*
            **MS Bar No. 4168**
            **CAMPBELL DeLONG, LLP**
            **Attorney for Defendant**