**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MERICK CLEVELAND**                                                     **PLAINTIFF**

**VS.**                            **CASE NUMBER:4:13cv00165-SA-JMV**

**WASHINGTON COUNTY SHERIFF'S OFFICE,
WASHINGTON COUNTY BOARD OF SUPERVISORS,
SHERIFF MILTON GASTON, in his Official Capacity,
LIEUTENANT MACK WHITE,
in his individual and official capacity,
DEPUTY MARSHALL BADGE NO. SO28,
in his individual and official capacity, and
JOHN DOES 1-10**                                    **DEFENDANTS**

**DEFENDANTS' MOTION TO DEEM
REQUESTS FOR ADMISSIONS ADMITTED**

**COMES NOW**, Defendants and moves the Court for an order deeming Requests for Admissions propounded by Defendants admitted by Plaintiff pursuant to Fed. R. Civ. P. 36(a)(3), and in support thereof would show as follows:

1. This civil action was commenced by Plaintiff seeking recovery under 42 U.S.C. § 1983, as well as state law, arising out of injuries allegedly suffered by Plaintiff during and after an arrest by officials of the Washington County Sheriff's Department.

2. On December 4, 2013, Defendants served Defendants' Requests for Admissions on Plaintiff. A true and correct copy of the foregoing Defendants' Requests for Admissions is attached hereto as **Exhibit A** and incorporated herein by reference. Specifically, Defendants requested Plaintiff the following fifteen (15) separate requests:

**REQUEST NO. 1:** That you were creating a disturbance at the Pearson Trailer Park on March 17, 2012.

**REQUEST NO. 2:** That you had been requested to stop creating a disturbance at the Pearson Trailer Park on March 17, 2012, prior to law enforcement being called.

**REQUEST NO. 3:** That you had in your possession a firearm on March 17, 2012, at or near the Pearson Trailer Park.

**REQUEST NO. 4:** That when law enforcement personnel arrived at Pearson Trailer Park on March 17, 2012, you fled into a wooded area adjacent to the trailer park.

**REQUEST NO. 5:** That law enforcement officers attempted to get you to surrender before entering the wooded area.

**REQUEST NO. 6:** That before law enforcement officers entered the wooded area, you refused to surrender to the law enforcement officers.

**REQUEST NO. 7:** That you fired a shot from a firearm when you were in the wooded area adjacent to the Pearson Trailer Park on March 17, 2012.

**REQUEST NO. 8:** That when the law enforcement officer entered into the wood area adjacent to the Pearson Trailer Park on March 17, 2012, you hid from the officer so as to avoid apprehension and/or arrest.

**REQUEST NO. 9:** That once the law enforcement officer detected you in the wooded area adjacent to the Pearson Trailer Park on March 17, 2012, you began to flee the law enforcement officer.

**REQUEST NO. 10:** That once you began to flee the law enforcement officer in the wooded area adjacent to the Pearson Trailer Park on March 17, 2012, the law enforcement officer tackled you.

**REQUEST NO. 11:** That after you were removed from the wooded area adjacent to the Pearson Trailer Park on March 17, 2012, one or more law enforcement officers offered to take you to the emergency department.

**REQUEST NO. 12:** That when one or more law enforcement officers offered to take you to the emergency department after you were removed from the wooded area adjacent to the Pearson Trailer Park on March 17, 2012, you declined to be taken to the emergency department.

**REQUEST NO. 11 [*sic*]:** That when you were taken to the Washington County Regional Correctional Facility, an ambulance was called to transport you to the emergency department, but you refused to go.

**REQUEST NO. 12 [*sic*]:** That later at the Washington County Regional Correctional Facility when you complained that you were injured, a deputy transported you to the emergency department at Delta Regional Medical Center.

**REQUEST NO. 13 [*sic*]:** That you have no credible evidence to support a delay in receiving medical treatment caused any permanent injury.

Contemporaneous therewith, Defendants also served Defendants' First Set of Interrogatories and Defendants' Requests for Production.

3. That same day, December 4, 2013, Defendants filed via the ECF system a *Notice of Service of Discovery* [Doc. #22] whereby Defendants certified that each of the above and foregoing matters were served on counsel for the Plaintiff.

4. Notably, on the Certificate of Service to the Defendants' Requests for Admissions (Exhibit A), it was certified that such requests were served to plaintiff's separate counsel via U. S. Mail.

5. Plaintiff has failed to respond to the Defendants' Requests for Admissions within thirty (30) days as set forth under FED. R. CIV. P. 36(a)(3), which states in part:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

6. Because the Plaintiff failed to respond to the Defendants' Requests for Admissions as required by Rule 36(a)(3), the requests set forth in Exhibit A and above should be deemed admitted by operation of the rule. This Court has recently recognized the impact of failing to respond to requests for admissions in *Hampton vs. North Mississippi Medical Center*, 2013 WL

1890939 (May 6, 2013), citing *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 549 (5th Cir.1985).

7.    Because the matter is straightforward, the Defendants request to be relieved of filing a supporting memorandum of authorities.

**WHEREFORE**, Defendants pray that the requests for admissions in the Defendants' Requests for Admissions be deemed admitted pursuant to FED. R. CIV. P. 36(a)(3) on account of Plaintiff's failure to respond to the same within the time allowed by law. Defendants also pray for any other relief the Court deems proper in the premises.

Dated: February 3, 2014.

                                    **Respectfully Submitted,**


                                    *s/P. Scott Phillips, Esq.*
                                    **P. Scott Phillips, Esq.**
                                    **MS Bar No. 4168**
                                    **CAMPBELL DeLONG, LLP**
                                    **Attorney for Defendants**
                                    **923 Washington Avenue**
                                    **P.O. Box 1856**
                                    **Greenville, MS 38702-1856**
                                    **Telephone: (662) 335-6011**
                                    **Facsimile: (662) 334-6407**
                                    **E-mail: sphillips@campbelldelongllp.com**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **February 3, 2014**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document was served this day on all counsel of record listed below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized matter for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

Derek L. Hall    derek@dlhattorneys.com

I hereby certify that I have served via *U.S. Mail* the foregoing to the following non-ECF participant on February 3, 2014:

Michael Duncan
Duncan Kent, PLLC
571 Highway 51, Suite B
Ridgeland, MS 39157

/s/ *P. Scott Phillips*
**MS Bar No. 4168**
**CAMPBELL DeLONG, LLP**
**Attorney for Defendants**