IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MICHAEL PRINCE, JR.**                                                                      **PLAINTIFF**

**v.**                              **CASE NUMBER: 4:13cv165-SA-JMV**

**WASHINGTON COUNTY, MISSISSIPPI,**
**SHERIFF MILTON GASTON, in his Official Capacity,**
**LIEUTENANT MACK WHITE,**
in his Individual and Official Capacity,
**DEPUTY MARVIN MARSHALL,**
in his Individual and Official Capacity, and
**JOHN DOES 1-10**                                      **DEFENDANTS**

---

### AFFIDAVIT OF DEREK L. HALL, ESQ.

---

DEREK L. HALL, first being duly sworn upon oath, states:

1. I am an adult resident of the State of Mississippi.

2. I am over the age of 21.

3. I am the managing member and a Senior attorney with Derek L. Hall, PLLC, which is based in Jackson, Mississippi.

4. I am familiar with the facts and particulars of the above-referenced case.

5. On February 3, 2014, I was made aware that our office had received a motion from the Defendants in the above-referenced case, entitled *Defendants' Motion to Deem Requests for Admissions Admitted*.

6. This was the first time I became aware of any discovery requests purported to have been propounded by the Defendants.

Page 1 of 4

7. After conferring with Jeffrey McGuire, we conducted a scan of our electronic file database ("the file tree") to attempt to locate the discovery requests referred to in the motion.

8. It is the practice of our firm to scan all documents received into the file tree immediately upon receipt and to further upload them to our cloud-based storage system ("MyCase"), and then place a copy in the appropriate location in the hard file, which is maintained in a filing cabinet.

9. In the case of any pleading that requires a response, the response date is added to the calendar with alarms set to alert the staff person in charge of the file multiple times prior to the deadline, so as to allow time to respond. No calendar reference was ever found of response to request for admissions or discovery in this case being due. This tells me that discovery responses were never calendared, which lead me to believe they were never received. At least two people are always added to a response calendar, as a redundant set of eyes.

10. I directed all staff to conduct a search for the discovery requests on their computers, email, on their desks and in surrounding desk spaces. We were unable to locate or find any trace of evidence that the discovery requests, namely the requests for admissions, which were the subject matter of the motion, were ever received by this office.

11. I also directed and conducted a search of the entire office and common areas to ascertain if perhaps a physical copy of the discovery documents existed, but had not been scanned into the file tree, uploaded to MyCase, or placed in the hard file.

12. We were unable to locate the discovery documents in any fashion, electronic or physical, nor were we able to find any reference to their receipt on the calendar.

13. At that point, I attempted to contact counsel opposite to inquire as to what may have happened, but it was after 5:00 pm and Mr. Phillips did not answer, nor did any member of his staff.

14. I contacted Michael Duncan to inquire if he had received a copy of the discovery requests at any time. After a search of his office, he informed me that he did not receive them and did not have responses calendared on any calendar.

15. I directed Jeffrey McGuire, an associate attorney, to speak with counsel opposite the following morning, because I would be unavailable and desired to address the issue at the earliest possible moment. According to Jeffrey, he explained the situation to him, and while Mr. Phillips was cordial as always, he stated that his client would not allow him to withdraw the motion and that he had a certificate of service stating that the discovery had been sent. (At no time did I then, nor do I now, believe that Mr. Phillips is attempting to play any sort of game or gain any type of advantage by this error. He and his office have always exercised the utmost in professionalism. I simply believe there was a glitch in his system, or a failure of the postal service, but we never received the discovery requests prior to their being filed on February 3, 2014 and sent to my office on February 5, 2014.)

16. Mr. McGuire followed up the conversation to Mr. Phillips with a signed letter, via electronic mail that same day that requested in pertinent part, a copy of all discovery requests in an electronic format, preferably Microsoft Word.

17. Mr. Phillips obliged the following morning, Wednesday, February 5, 2014.

18. Our client, Mr. Prince, was able to travel to Jackson from Greenville the following day, Thursday, February 6, 2014, to review the discovery requests and in turn provide sworn responses. This was the earliest time he could make it to our office.

19. We dropped the sworn responses in the mail that same day, but I believe the mail had already run for the day.

20. I followed up by sending an electronic copy of the responses to Mr. Phillips the following morning, Friday, February 7, 2014.

21. To this date, no physical or electronic copy of the discovery requests have been located, other than the electronic copy sent by Mr. Phillips on February 5, 2014.

**FURTHER, AFFIANT SAYETH NAUGHT.**

_____
DEREK L. HALL

STATE OF MISSISSIPPI
COUNTY OF HINDS

SUBSCRIBED AND SWORN to me before this the 12th day of February 2014, by Derek L. Hall.

_____
NOTARY PUBLIC

My Commission Expires: _____