IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MICHAEL PRINCE, JR.**                                          **PLAINTIFF**

v.                                                **CASE NUMBER: 4:13cv165-SA-JMV**

**WASHINGTON COUNTY, MISSISSIPPI,**
**SHERIFF MILTON GASTON, in his Official Capacity,**
**LIEUTENANT MACK WHITE,**
in his Individual and Official Capacity,
**DEPUTY MARVIN MARSHALL,**
in his Individual and Official Capacity, and
**JOHN DOES 1-10**                                       **DEFENDANTS**

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF
PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO
DEEM REQUESTS FOR ADMISSIONS ADMITTED**

**COMES NOW,** the Plaintiff, Michael Prince, Jr., by and through counsel, and submits this *Memorandum of Authorities in Support of Plaintiff's Response in Opposition to Defendants' Motion to Deem Requests for Admissions Admitted*.

### INTRODUCTION

This civil action commenced on June 19, 2013 when Plaintiff filed his initial Complaint in the County Court of Washington County, Mississippi. Defendants subsequently removed the action to this Court. On November, 14, 2013, Plaintiff timely filed his *Initial Disclosures* (See *Notice of Service of Initial Disclosures* attached hereto as Exhibit A). On November 15, 2013 Plaintiff arranged and participated in the Telephonic Case Management Conference. On October 1, 2013, Defendants filed a *Motion to Dismiss Some of Plaintiff's Claims for Failure to State a Claim upon which Relief can be Granted*. Plaintiff diligently pursued opposing those motions and entered

into Agreed Orders dated October 24, 2013 [Docket No. 12] and November 22, 2013 [Docket No. 21], which disposed of all issues contained in the Defendants' motion. Plaintiff, through counsel, worked during the month of December to schedule depositions with counsel opposite, which had been scheduled for February 13-14, 2014, but were postponed due to weather and will be taken in the next four to six weeks. At all times relevant and material, Plaintiff has diligently pursued this litigation and has diligently performed within the confines of deadlines set by the rules and this Court.

The present issue arises out of Defendants' *Motion to Deem Requests for Admissions Admitted*, filed with this Court on February 3, 2014. Until receipt of the *Motion to Deem Requests for Admissions Admitted*, – which contained the requests in the body of the motion – Plaintiff was not in possession of the Defendants' *Requests for Admissions* and had never received them in either hard copy or electronic copy. In fact, neither Derek L. Hall, PLLC nor Duncan Kent, PLLC had received any hard copy or electronic version of any discovery requests from the Defendant, including *Requests for Admissions*.

Upon receipt of the Defendants' *Motion to Deem Requests for Admissions Admitted* on the afternoon of February 3, 2014, Derek Hall attempted to contact counsel opposite by phone to inquire as to the nature of the motion. The phone call went unanswered but candidly, the call took place after 5:00 p.m. Mr. Hall then called co-counsel, Michael Duncan, who confirmed that he also had never received any discovery requests from the Defendants.

Plaintiff admits that he received a *Notice of Service* of the Defendants discovery requests on December 4, 2013 [Docket No. 22]. However, no actual hard copy or

electronic copy of the discovery requests was received in either office of Plaintiff's counsel until February 5, 2014, two days after Plaintiff's counsels received the motion that is the issue in the instant case. (See Correspondence Between Counsels attached as Exhibit B and Exhibit C). Upon receipt of the motion, Plaintiff's counsels conducted a search of files, electronic media, and data storage to ascertain whether he was in receipt of the Defendants' discovery requests, namely the Defendants' *Requests for Admissions*. After ascertaining that no copy of the requests existed, Plaintiff contacted Defendants by telephone and followed up with a letter (Exhibit B) outlining Plaintiff's position and requesting copies of the discovery. Defendant sent those requests in Word format, shortly after the issue was made known to him and the request upon him to produce a copy of the discovery requests was made. (See Affidavit of Plaintiff's Counsel).

Discovery in this case is ongoing. The Scheduling Order in this case states that discovery must be completed by May 15, 2014, and trial is set for October 6, 2014. The Defendants have ample time to fully explore all relevant facts they deem necessary. Furthermore, depositions in this matter have not yet been taken. Thus, the Defendants have and will suffer no prejudice and have not had time to rely on the admissions to formulate any trial strategy or litigation strategy.

For the reasons set forth herein, the Plaintiff requests that this Court deny the Defendants' *Motion to Deem Requests for Admissions Admitted*.

**APPLICABLE STANDARDS**

Fed. R. Civ. P. 36 outlines the applicable federal standard for Requests for Admission. Subsection (a)(3) of the Rule states, in pertinent part:

> "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written

answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding my be stipulated to under Rule 29 or be ordered by the court." *Id*.

Fed. R. Civ. P. 36(b) states:

"A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." *Id.*

L. U. Civ. R. 5(d)(3) states:

"Interrogatories under Fed. R. Civ. P. 33, Requests for Production or Inspection under Fed R. Civ. P. 34, and Requests for Admission under Fed R. Civ. P. 36, <u>must be served upon other counsel or parties</u>, but not filed with the court. The party who served the discovery request or the response must retain the original and become the custodian and file a notice of service with the court." *Id.* (emphasis added)

## ARGUMENT AND SUPPORTING AUTHORITIES

### A.   *Plaintiff never received any discovery requests from the Defendants.*

Neither Derek L. Hall nor any employee of Derek L. Hall, PLLC, nor Michael Duncan, nor any employee of Duncan Kent, PLLC, ever received <u>any discovery requests whatsoever</u>, including *Requests for Admissions*, in any form, physical or electronic, prior to February 3, 2014, when counsel opposite served the *Motion to Deem Requests for Admissions Admitted*, which had a copy of the requests attached. See affidavits attached as Exhibit D, Exhibit E, Exhibit F, and Exhibit G. Those discovery requests were subsequently sent via electronic mail upon request by Plaintiff on February 5, 2014, as well (See Letter Requesting Discovery attached).

L. U. Civ. R. 5(d)(3) requires that "Requests for Admission under Fed. R. Civ. P. 36, <u>must be served upon other counsel or parties</u>…" (emphasis added).

As such, counsel for the Defendants was required by the Local Rules to serve upon counsels opposite, any and all discovery requests. Additionally, said service was affirmed – but never perfected – by counsel for the Defendants' "Certificate of Service" (attached as Exhibit H*)* attached to its Notice of Service of Discovery [Docket No. 22].

Since neither the Plaintiff, nor counsel for the Plaintiff ever received any discovery requests, specifically *Requests for Admissions*, from counsel opposite, it was impossible to respond to them. (See Affidavits of Counsel). It would be inequitable and unjust to deem the Defendants' *Requests for Admissions* admitted in this case, because the Plaintiff never actually received them.

**B.** ***Allowing the Plaintiff to withdraw the admissions would promote a presentation of the merits of the case.***

The court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." See Fed. R. Civ. P. 36(b).

"The court has the authority to allow a party to withdraw or amend his admissions when the moving party satisfies the two factors contained in Rule 36." *Spikes v. Bolivar County, Mississippi*, 2008 WL 2797014 (N.D. Miss. 2008), citing *Le v. Cheesecake Factory Restaurants, Inc.*, 2007 WL 715620 (5th Cir. 2007) (citing *American Auto. Ass'n (Inc.) v. AAA Legal Clinic*, 930 F.2d 1117,1119 (5th Cir. 1991)). The Court in *In re*

*Carney* stated, "[t]he court may permit withdrawal or amendment if it would 1) promote the presentation of the merits of the case; but 2) would not prejudice the party that obtained the admissions in the presentation of the case." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 1991).

"[T]he Court cannot allow this case to be affected by procedural technicalities where the presentation on the merits will be subserved by allowing withdrawal or amendment and there will be no prejudice to the defendants as there is time for them to prepare for trial based on the amended Answers to Admissions..." *Theriot v. Parish of Jefferson*, 1996 WL 732533 (E.D. La. 1996).

In *Theriot*, both plaintiff and an intervenor had failed to timely respond to requests for admission due to illness and caseload, and the magistrate judge denied both any relief as to the admissions as admitted. *Id.* The district judge then reviewed the magistrate judge's ruling and found that the admissions should be allowed to be amended for the reasons stated in the previous paragraph. *Id.* As in *Theriot*, there is ample time for the Defendants in this case to prepare for trial as well as the rest of the discovery process, as the discovery deadline is over ninety days away, and trial is not for another eight months.

In the present case, the Plaintiff would be materially prejudiced by deeming the admissions admitted and failing to allow Plaintiff to amend or withdraw them. The admissions as they stand are directly contrary to the facts that the Plaintiff has gathered and the events of the night in question. Allowing the Plaintiff to withdraw the admissions would promote a presentation of the merits of this case, rather than a presentation based on a technicality.

For example, Request for Admission #3 states "[Admit] [t]hat you had in your possession a firearm on March 17, 2012." Two separate witnesses submitted written statements that Mr. Prince did not have a gun that evening. These statements were included in the Plaintiff's *Initial Disclosures* to the Defendants. (Statements attached as Exhibit I and Exhibit J). See also Request for Admission #7: "[Admit] [t]hat you fired a shot from a firearm when you were in the wooded area adjacent to the Pearson Trailer Park on March 17, 2012." See again Exhibit H and Exhibit I. Request for Admission #10 states "[Admit] [t]hat once you began to flee the law enforcement officer in the wooded area adjacent to the Pearson Trailer Park on March 17, 2012, the law enforcement officer tackled you." This is directly contrary to the evidence gathered by Plaintiff's counsel, which suggests that Mr. Prince was face down in the dirt when the sheriffs came upon him.

These examples fully illustrate the prejudice to the Plaintiff if the *Requests for Admissions* are allowed to stand. This is the very scenario the Courts and Federal Rule 36(b) anticipate when they state that admissions may be withdrawn or amended to promote the "presentation of the merits of the action". Fed R. Civ. P. 36(b).

Prong one of the Rule 36(b) analysis is clearly satisfied in this matter. The facts contained in the admissions are simply opposite to the facts in this case. Mr. Prince denied all but one request for admission in his sworn responses to the Defendants' *Requests for Admissions* (Responses attached hereto as Exhibit K). At such an early juncture in this litigation, a presentation on the merits would be nearly impossible should the Plaintiff's admissions not be allowed to be withdrawn.

*C.	Allowing the Plaintiff to withdraw the admissions would not prejudice the Defendants in their preparation or presentation of their case.*

No harm whatsoever would be suffered by the Defendants by allowing the Plaintiff to withdraw the admissions.

Prong two of the test laid out in Rule 36 for allowing the amendment or withdrawal of admissions requires that the party requesting admission not be prejudiced by the other party being allowed to withdraw or amend the admissions.

"The plaintiff bears the burden of proof as to the first element contained within Rule 36 – that is, showing how withdrawal of the admissions promotes a presentation on the merits. The defendant bears the burden of proof as to the second element – showing prejudice if the admissions are withdrawn." *Curtis v. State Farm Lloyds*, 2004 WL 1621700 (S.D. Tex. 2004).

Bearing in mind that the burden rests with the Defendants, Plaintiff would still submit the following argument unto the Court. Here, clearly no prejudice would be suffered by the Defendants as this particular case is presently at such an early juncture of litigation, that very little harm could be said to be suffered to a party's strategy or case plan by allowing the Plaintiff to withdraw his admissions. Indeed, discovery has not been completed in this matter, as depositions have yet to be taken by either side, the discovery deadline is still over ninety days away, and Defendants have offered no argument that they have relied on the admissions as admitted in any way in regard to a case plan, trial strategy or the like. It would be difficult for the Defendants to have done so as Plaintiff received the Defendants' *Motion to Deem Requests for Admissions Admitted* on the afternoon of Monday, February 3, 2014, and had responded to the Defendants' *Requests*

*for Admissions* by the end of the week, February 7, 2014. (See Notice of Service of Discovery [Docket No. 36] attached as Exhibit L).

This is in stark contrast to the facts of the aforementioned *Spikes v. Bolivar County*, where Judge Alexander denied the Plaintiff's request to withdraw admissions due to the fact that the responses were received some two hundred forty-five (245) days after the responses were due.

In *Spikes*, the Court noted that "Plaintiffs relied on the admissions in conducting discovery and, if the defendant were allowed to withdraw or amend his admissions at this late stage, [it] would prejudice the plaintiffs in presenting the case on the merits." *Id.* The *Requests for Admissions* had been propounded the previous May and were not responded to until the following February, and only after the Court had granted the defendant's motion to compel. *Id.* Judge Alexander further noted "The court considers the defendant's lack of diligence in pursuing the court's permission to withdraw or amend the admissions to be detrimental to his request and that allowing such an action at this late point in the proceedings would be prejudicial." *Id.*

The scenario presented in the instant case is clearly opposite to that of the *Spikes* case. No depositions have been taken. No argument has been made by the Defendants that they have relied whatsoever on the admissions as admitted. The timelines are nearly 200 days apart. Plaintiff has been diligent and proactive in both the pursuit of his claim, and the opposition of Defendants' instant motion, as well as his attempts to have the admissions withdrawn. Taken together, these facts show a great contrast to the facts of *Spikes*.

Also see *Bryan v. Mack Trucks, Inc.*, 2010 WL 1568607 (N.D. Miss 2010) where Judge Alexander denied the Plaintiff's request to withdraw or amend his admissions, as <u>no proof whatsoever</u> was offered that responses were ever given. Again, this scenario stands in stark contrast to the one presented here.

In the instant case, Plaintiff clearly responded to the Defendants' *Requests for Admissions* <u>immediately</u> upon receipt of the requests. See attached responses and correspondence between counsels opposite, as well as *Notice of Service of Responses to Requests for Admissions*.

In contrast, Defendants' *Notice of Discovery* [Docket No. 22] and "Certificate of Service" which was attached to the requests stand as the only offer of any proof that the discovery requests were ever sent to the Plaintiff. Such a breakdown has occurred in this litigation before. On at least two occasions, Plaintiff's counsel Michael Duncan has not received copies of pleadings; those being Defense Counsel Andrew Tominello's *Notice of Appearance*, dated January 10, 2014 [Docket No. 30] and a *Notice of Issuance*, dated January 17, 2014 [Docket No. 31] (Documents attached as Exhibit M and Exhibit N). Notably, the "Certificate of Service" attached to the *Notice of Appearance* does include Mr. Duncan. The *Notice of Issuance*, however, while having a "Certificate of Service" attached, does not list any counsel at all for the documents to be sent to.

The second prong of the Rule 36(b) test relates to special difficulties a party may face by a sudden need to obtain evidence upon the withdrawal or amendment of an admission. *American Auto. Ass'n* at 1120. Defendants presented no argument to this point in their *Motion to Deem Requests for Admissions Admitted* [Docket No. 33]. Defendants simply presented the argument for the operation of the rule under Fed. R.

Civ. P. 36(a)(3), and as such, it is clear that Defendants will suffer no special difficulties if this Court allows the Plaintiff to withdraw its admissions, as Defendants made no argument that they had relied on the admissions to any extent whatsoever and that in any event, the Defendants were furnished with responses to the requests within three days of their receipt by the Plaintiff.

### D. *The facts derived from the admissions are contrary to the facts in reality.*

To allow the admissions to stand and not be withdrawn would require the parties to this case to litigate this case under factual premises that may not be true and in many cases, are indeed not true.

"Other facts considered are whether the plaintiff has demonstrated that the merits of the case would be served by advancing evidence showing 'the admission is contrary to the record of the case'…" *La. Rehab Center, Inc. v. United States*, 179 F.Supp.2d 658, 663 (W.D. La. 2002).

At the present juncture of this case, the record is factually rather thin, given the fact that discovery is yet to be completed. However, as noted previously, several of the admissions as admitted are directly contrary to either the record of this case or evidence gathered by the Plaintiff. No evidence has been submitted by the Defendants that Mr. Prince had on his person a gun that evening, which is directly contrary to the admissions as admitted in Request #3 and Request #7. Conversely, Plaintiff has produced two witness statements stating that Mr. Prince did not have a gun on his person that evening. Clearly, it would be premature to allow these admissions to stand admitted.

### E. *Plaintiff has steadfastly and actively participated in the litigation of this case, and been an active participant in the discovery process.*

Plaintiff has done nothing unto this point to evidence a lack of diligence or concern toward the litigation of this case. To the contrary, Plaintiff has met every deadline, attended and participated in the pre-trial conference, participated in the case management order, actively communicated with counsel opposite, propounded discovery, and has now responded to discovery.

*Casey v. Quality Restaurants and Concepts*, 2012 WL 3261367 (N.D. Miss. 2012) describes: "the pattern of defaults in this case demonstrates the type of 'inadvertence, ignorance of the rules, or mistakes construing the rules' that is not excused." *Id.*

In *Casey*, the Plaintiff had wholly failed to respond to discovery requests, had filed nearly every motion and response out of time, had not followed procedure, and had additionally failed to seek leave of court to file out-of-time motions and responses. The Court in *Casey* makes clear that a Plaintiff that fails to participate in litigation will be punished. *Casey* provides a clear example of what is not happening in this case. See also *Bryan v. Mack Trucks, Inc.*, 2010 WL 1568607 (N.D. Miss. 2010), where the Plaintiff completely failed to respond to discovery requests. Again, *Bryan* stands in direct contrast to the scenario presented here, where a Plaintiff was never served with discovery requests but nonetheless, responded to them within three days once he had been.

### CONCLUSION

The Defendants' *Motion to Deem Requests for Admissions Admitted* should be denied. Plaintiff was not in possession of the discovery requests until two days after the

Defendants filed the instant motion. Plaintiff's failure to respond was not the result of neglect, inattention, or apathy, but rather the fact that he was never in receipt of the requests to begin with. Once Plaintiff was made aware of the situation, he took <u>immediate and definitive action</u>.

Additionally, the damage to the presentation of the merits of the case far outweighs any potential prejudice to the Defendants' presentation of its case, as they have not shown and have not attempted to show that they have yet or intend to rely on these admissions as they stand. Further, the facts as admitted are contrary to the facts as they exist in reality.

Finally, the Plaintiff has never at any point in the course of this litigation, shown that he has been inattentive, neglectful, or apathetic toward this case, and would further show that the subject failure to respond to discovery requests was the product of a potential mishap on the part of counsel opposite.

**For the reasons stated above, this Court should deny the Defendants'** *Motion to Deem Requests for Admissions Admitted*.

**RESPECTFULLY SUBMITTED** this the 13th day of February 2014.

                                            **MICHAEL PRINCE, JR.**

                                            /s/ Derek L. Hall
                                            BY: DEREK L. HALL

Derek L. Hall (MSB #10194)
DEREK L. HALL, PLLC
1911 Dunbarton Drive
Jackson, Mississippi 39216
Telephone: (601) 981-4450
Facsimile: (601) 981-4717
Email: derek@dlhattorneys.com

J. Michael Duncan (MSB #102959)
DUNCAN KENT PLLC

571 Highway 51, Suite B
Ridgeland, Mississippi 39157
Telephone: (601) 206-0288
Facsimile: (769) 300-0614
Email: michael@duncankentpllc.com
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I, Derek L. Hall, do hereby certify that I have this day filed with the Clerk of the Court, a true and correct copy of the following document via the CM/ECF online filing system, and that an electronic notification was generated which was sent to the following:

P. Scott Phillips, Esq. – sphillips@campbelldelongllp.com
Andrew Tominello, Esq. – dtominello@campbelldelongllp.com

**SO CERTIFIED** this the 13th day of February 2014.

/s/ Derek L. Hall
DEREK L. HALL