**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MICHAEL PRINCE, JR.**                                                                 **PLAINTIFF**

v.                                        **CASE NUMBER: 4:13cv165-SA-JMV**

**WASHINGTON COUNTY, MISSISSIPPI,
SHERIFF MILTON GASTON, in his Official Capacity,
LIEUTENANT MACK WHITE,
in his Individual and Official Capacity,
DEPUTY MARVIN MARSHALL,
in his Individual and Official Capacity, and
JOHN DOES 1-10**                                        **DEFENDANTS**

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION TO WITHDRAW ADMISSIONS**

**COMES NOW,** the Plaintiff, Michael Prince, Jr., by and through counsel, and submits this *Memorandum of Authorities in Support of Plaintiff's Motion to Withdraw Admissions*.

**INTRODUCTION**

The present issue arises out of Defendants' *Motion to Deem Requests for Admissions Admitted*. The motion was served on the Plaintiff through his attorneys of record on Monday, February 3, 2014. This came as a surprise to both of the Plaintiff's attorneys, because neither attorney was aware of any discovery requests purported to have been propounded by the Defendants. *See affidavits of counsels and staff attached as Exhibit A, Exhibit B, Exhibit C, and Exhibit D.* After receiving an electronic copy of the discovery requests from the Defendants on Wednesday, February 5, 2014, Plaintiff filed his *Notice of Service of Responses to Requests For Admission* [Docket No. 36] and mailed a copy of the responses the same day. In the interest of efficiency, Plaintiff

emailed a copy of the responses to the Defendants as well. Plaintiff now motions this Court for an order allowing leave to withdraw the admissions as admitted by operation of Rule 36, and in turn, permit the Plaintiff to submit the responses as mailed in the stead of the admissions as admitted, pursuant to Fed. R. Civ. P. 36(b).

## APPLICABLE STANDARDS

Fed. R. Civ. P. 36 outlines the applicable federal standard for Requests for Admission. Subsection (a)(3) of the Rule states, in pertinent part:

> "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding my be stipulated to under Rule 29 or be ordered by the court." *Id*.

Fed. R. Civ. P. 36(b) states:

> "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." *Id.*

## ARGUMENT AND SUPPORTING AUTHORITIES

***A.   A presentation of the merits of the case will be served by allowing Plaintiff to withdraw the admissions.***

A presentation on the merits would be severely limited if the admissions were required to stand as admitted, as the submitted responses to the *Requests for Admissions* are directly contrary to the admissions as admitted, save one request, that being Request for Admission No. 4 (attached as Exhibit E).

Rule 36(b) permits the court to "permit the withdrawal or amendment [of admissions] if it would promote the presentation on the merits of the case and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b)

"The court has the authority to allow a party to withdraw or amend his admissions when the moving party satisfies the two factors contained in Rule 36." *Le v. Cheesecake Factory Restaurants, Inc.*, 2007 WL 715620 (5th Cir. 2007). "The court may permit withdrawal or amendment if it would 1) promote the presentation of the merits of the case; but 2) would not prejudice the party that obtained the admissions in the presentation of the case." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 1991).

"[F]actors considered are whether the plaintiff has demonstrated that the merits would be served by advancing evidence showing 'the admission is contrary to the record of the case'…" *La. Rehab Center Inc. v. United States*, 179 F.Supp.2d 658, 663 (W.D. La. 2002).

Here, as prescribed by *La. Rehab Center Inc.*, the admissions as admitted are contrary to the actual facts of the night in question. Take for example Request No. 3 and Request No. 7 (attached hereto), which request the Plaintiff to admit "That you had in your possession a firearm on March 17, 2012, at or near the Pearson Trailer Park." and "That you fired a shot from a firearm when you were in the wooded area adjacent to the Pearson Trailer Park on March 17, 2012." Plaintiff provided Defendants with copies of two witness statements in its *Initial Disclosures* that stated that the Plaintiff did not have a gun on his person that evening (attached as Exhibit F and Exhibit G). Take also for example Request No. 10, which requests the Plaintiff to admit "That once you began to

flee the law enforcement officer in the wooded area adjacent to the Pearson Trailer Park on March 17, 2012, the law enforcement officer tackled you." The evidence thus far gathered by Plaintiff shows that the Plaintiff was face down in the dirt when the police officers came upon him.

Requiring the Plaintiff to proceed in this litigation with the admissions as admitted would severely harm the presentation of the merits of this case, and leave admitted issues which are sure to be contested issues throughout the litigation.

### B.   *Defendants would suffer no prejudice by allowing the Plaintiff to withdraw the admissions.*

The discovery phase of this case is currently at an early juncture and the Defendants have posited no argument that they have relied on the admissions in their presentation or defense of the case. They merely stated in their *Motion to Deem Requests for Admissions Admitted* [Docket No. 33] that thirty days had passed since they had ostensibly sent the requests. Depositions are currently set. None have been taken. Defendants have still another month remaining before their deadline to designate experts.

Rule 36(b) allows the court to "permit the withdrawal or amendment [of admissions] if it would promote the presentation on the merits of the case and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b)

The burden to demonstrate prejudice rests with the Defendants. The Defendants must prove that they would suffer prejudice should the admissions be withdrawn. "The defendant bears the burden of demonstrating to the court the second element provided by Rule 36(b), that it would be prejudiced if the court allowed the plaintiff to withdraw [his]

admissions." *Casey v. Quality Restaurants and Concepts*, 2012 WL 3261367 (N.D. Miss. 2012). Prejudice relates to "special difficulties" that may be presented by the sudden withdrawal of admissions. *American Auto Ass'n. v. AAA Legal Clinic*, 930 F.2d 1117 (5th Cir. 1991). A party is not prejudiced by the need to conduct additional discovery, nor by being required to put on proof of previously admitted items. *Le v. Cheesecake Factory Restaurants Inc.*, 2007 WL 715620 (5th Cir. 2007). "Courts have also considered, however, within the prejudice analysis, the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial." *Branch Banking and Trust Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 660 (E.D.N.C. 1988).

No "special difficulties" can be said to be had here, as Defendants have not argued that their case strategy is in any way dependent on the admissions as admitted, and as such a "sudden withdrawal" should not and will not affect their ability to prepare for a trial eight months away. Again, as soon as the Plaintiff was made aware of the issue and was furnished with a copy of the *Requests for Admissions*, he took immediate action and sent sworn responses to the Defendants within 72 hours. Additionally, the discovery deadline is three months away but even so, as mentioned in *Le*, the need to conduct additional discovery or obtain proof of previously admitted items does not constitute prejudice. Plaintiff maintains that the timeline from the point that the Defendants requested the admissions be deemed admitted to the point where Plaintiff sent sworn responses could not possibly have allowed the Defendants to have formed any sort of reliance on the admissions. As such, it is highly improbable that the Defendants should need to conduct any sort of additional evidence gathering as it would be unlikely that the

72-hour window caused them to abandon the litigation strategy they had pursued throughout the case. Plaintiff would show that per *Branch Banking*, Plaintiff has been extremely timely and diligent in the pursuit of the withdrawal of the admissions (as laid out in the attached affidavits) and that a sufficient if not overly sufficient amount of time remains in the discovery process.

No prejudice will be suffered by the Defendants here should the Court grant the instant motion. The discovery deadline is ninety days away, leaving the Defendants ample time to prepare and proceed in this case without the admissions being admitted.

## CONCLUSION

Here, it is clear that the Plaintiff should be allowed to withdraw his admissions as admitted. The lack of a response prior to February 6, 2014 is clearly the product of a breakdown in protocol, that likely being that the *Requests for Admissions* were never sent to the Plaintiff. Requiring the Plaintiff to proceed under factual premises that are directly contrary to the facts in reality would greatly harm the Plaintiff's case and the presentation of the merits of this case. Finally, the Defendants would suffer no prejudice should the admissions be allowed to be withdrawn, as no evidence or argument has been offered that the admissions as admitted have played any role whatsoever in the Defendants' trial or discovery strategy or preparation.

**For the reasons stated above, this Court should grant the Plaintiff's *Motion to Withdraw Admissions*.**

**RESPECTFULLY SUBMITTED**, this the 14th day of February 2014.

                                                **MICHAEL PRINCE, JR.**

                                                /s/ Derek L. Hall
                                                BY: DEREK L. HALL

Derek L. Hall (MSB #10194)
DEREK L. HALL, PLLC
1911 Dunbarton Drive
Jackson, Mississippi 39216
Telephone: (601) 981-4450
Facsimile: (601) 981-4717
Email: derek@dlhattorneys.com

J. Michael Duncan (MSB #102959)
DUNCAN KENT PLLC
571 Highway 51, Suite B
Ridgeland, Mississippi 39157
Telephone: (601) 206-0288
Facsimile: (769) 300-0614
Email: michael@duncankentpllc.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Derek L. Hall, do hereby certify that I have this day, electronically filed the foregoing document with the Clerk of the Court via the CM/ECF system and further, that I have sent a true and correct copy of the foregoing document via the CM/ECF system to the following:

P. Scott Phillips, Esq. – sphillips@campbelldelongllp.com
Andrew Tominello, Esq. – dtominello@campbelldelongllp.com

**SO CERTIFIED** this the 14th day of February 2014.

/s/ Derek L. Hall
DEREK L. HALL