**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MICHAEL PRINCE**                                                                    **PLAINTIFF**

**VS.**                                        **CASE NUMBER:  4:13cv165-SA-JMV**

**WASHINGTON COUNTY, MISSISSIPPI,
SHERIFF MILTON GASTON, in his Official Capacity,
LIEUTENANT MACK WHITE,
in his individual and official capacity,
DEPUTY MARVIN MARSHALL,
in his individual and official capacity, and
JOHN DOES 1-10**                                                        **DEFENDANTS**

**REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DEEM
REQUESTS FOR ADMISSIONS ADMITTED**

      **COME NOW**, Defendants, Washington County, Mississippi, Sheriff Milton Gaston, in his

Official capacity, Lieutenant Mack White, and Deputy Marvin Marshall, by and through counsel,

and submit this Reply in Further Support of its Motion to Deem Requests for Admission Admitted,

showing unto the Court as follows:

<u>**SUMMARY**</u>

      The instant motion seeks to have Requests for Admissions which were propounded by

Defendants and which went unanswered by Plaintiff deemed admitted.  In response to the motion,

Plaintiff's counsel have asserted that they never received the Requests for Admissions, although

admitting that the Notice of Service of the same was received via electronic filing.  Also, Plaintiff

asserts that deeming the requests admitted would prejudice Plaintiff's right to make a presentation

of his case on the merits and are contrary to the real facts of the case.  Along with responding to the

Defendants' motion, Plaintiff has also filed a Motion to Withdraw Admissions [Doc. 39] and Motion

for Leave to File Out-of-Time Response to Requests for Admissions [Doc. 41].  For the reasons

below, Defendants submit the admissions should stand.

## ARGUMENT

### I.      Permitting withdrawal of admissions due to untimely responses is a matter in which this Court has broad discretion.

A party who fails to timely respond to requests for admission propounded by an opposing party may only withdraw those admissions where they demonstrate the presentation of the merits of the case will be subserved by prohibiting withdrawal, and the requesting party does not demonstrate that it will be prejudiced by the withdrawal.  *In re Katrina Canal Breaches Consol. Litigation*, Civil Action No. 05-4182, 2008 WL 3884335, at *2 (E.D. La. August 18, 2009)(citing *Le v. Cheesecake Factory Restaurants Inc.*, No. 06-20006, 2007 WL 715260, at *1-2 (5th Cir. Mar. 6, 2007)).   Even if a party seeking to withdraw admissions satisfies both prongs of this test, a court still has broad discretion in denying the party's request to withdraw due to the permissive nature of the rule.  *Id.*; *Casey v. Quality Restaurants and Concepts*, Civil Action No. 1:10-cv-309, 2012 WL 3261367, at *3 (N.D. Miss. Aug. 8, 2012)(citing *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001)).  Due to this broad discretion, courts may find withdrawal unwarranted where the party seeking withdrawal does not demonstrate that the admission is contrary to facts which are actually established in the case, that the admission is no longer true due to a "change[] of circumstances or [that] through an honest error a party has made an improvident admission," or where the admission arose due to the fault of the party seeking withdrawal.  *In re Katrina Canal Breaches Consol. Litigation*, 2008 WL 3884335 at *2.

#### A.      Plaintiff has not adequately demonstrated the admissions are contrary to established facts or that prejudice to the presentation of the merits of his claims will occur due to the admissions.

Plaintiff argues that the first prong of the above announced standard for withdrawal of admissions is satisfied due to the fact that they will be "materially prejudiced" in the presentation of their case if withdrawal of the admissions is not permitted. To demonstrate prejudice, Plaintiff relies upon two statements from claimed witnesses on the night of the incident in question – handwritten statements from Irma Johnson and Ashley Augustine. Notably, both of these statements are unsworn, causing them to lack any evidentiary value whatsoever. It should further be noted that Plaintiff has not provided any contact information, such as address or telephone number of these "witnesses," and Defendants have been unable to locate these persons after search and inquiry, so it is questionable whether these persons will ever offer any admissible testimony to support the assertions that their testimony make up "the facts in reality" as suggested.[1] It should also be noted that Defendants' initial disclosures contained statements from other witnesses which directly contradicted the statements of Plaintiff's witnesses. It was an attempt to clarify these contradictions which prompted the subject Requests for Admissions in the first place.

Plaintiff's reliance on these witness statements does not demonstrate that the admissions are contrary to facts established in this matter, nor does it demonstrate that Plaintiff will be prejudiced in maintaining the causes of action asserted against Defendants in their Complaint. Plaintiff's presentation of his claims arising out alleged Constitutional violations of the United States Constitution and the Constitution and laws of the State of Mississippi, as well as excessive and unnecessary use of force, may still be presented. Plaintiff still must demonstrate the force used by the deputies violated those Constitutional provisions governing use of force on an individual who

---

[1]The telephone number listed in the Augustine statement is not valid.

3

is suspected of wrongdoing by a law enforcement officer, whether or not he possessed and discharged a firearm on the night in question. Thus, the matters admitted are ancillary to the majority of Plaintiff's claims and, with respect to those which they do affect, Plaintiff must still come forward with proof demonstrating an excessive use of force on the part of the Deputies to be successful, and such proof may very well negate any effect of the admissions. As such, Plaintiff should not be allowed to withdraw his admissions due to his failure to demonstrate the requisite prejudice to the merits of his case and his ability to proceed with and prosecute his case in light of his admissions.

It is within the Court's discretion to prohibit withdrawal of admissions where the party seeking withdrawal of the admissions does not demonstrate a conflict with actual facts established by credible evidence. In this case, the positions of each party is in dispute which prompted use of Requests for Admission by Defendants to clarify what facts were established and which were not. Because Plaintiff did not respond within the time required under Rule 36, Defendants merely sought to adhere to the provisions of the rule.

### B.     Withdrawal of the Admissions Should not be Permitted.

Given the lack of credible evidence to suggest a dispute of fact exists, this Court should exercise its broad discretion and deem the requests admitted and deny Plaintiff's request to withdraw his untimely Responses or grant leave to amend the responses. In Response to Defendants' Motion to Deem Requests Admitted, counsel for Plaintiff has come forward with various affidavits of attorneys and office personnel in an attempt to demonstrate that the Requests were simply never received. Plaintiff's counsel admits, however, to receiving the Notice of Service of the Requests filed by counsel for Defendants' through the ECF filing system. Receipt of the Notice of Service of Discovery Requests starts the ticking of the clock for responding to such requests, notifying

4

counsel that in 30 days, plus 3 days for mailing, they will have to serve responses to the requests. *Federal Rules of Civil Procedure* 36(a)(3) & 6.

The above being said, the undersigned can offer no proof other than his Certificate of Service attached to the Requests for Admissions that he did in fact mail the Requests for Admissions to counsel for Plaintiff. Counsel for Plaintiff has staunchly averred that they do not have a policy of failing to respond to requests for admissions and the undersigned believes as much. Unfortunately, in the undersigned's 28 years of practicing law, this is not the first time that it has been asserted that opposing counsel did not receive discovery requests after certification of service has been made. This is disclosed not to concede in any way that the undersigned did not mail the discovery as certified because as staunchly as Plaintiff's counsel suggest they never received the requests, the undersigned is as staunch in his position that the requests were mailed as certified. The undersigned's point in mentioning this is to point out that opposing counsel's argument is neither unique, nor surprising, as any other excuse would likely spell sure doom to their position. Counsel for Defendants also deny Plaintiff's implication that other, unrelated instances of failing to mail something to a non-ECF participant is in any way "a breakdown" in service which explains their non-receipt of the Requests.

### C. Neither Party will be Prejudiced by the Admissions.

As set forth above, the admissions at issue speak to facts which are ancillary to the claims asserted. It is doubtful that any of the admissions, in and of themselves, will result in summary judgment or sure victory to Defendants. While Defendants may be unable to show prejudice by a withdrawal of the admissions, other than having to undergo the costs of responding to multiple motions for merely following the rules, neither can Plaintiff show prejudice by allowing the

5

admissions to stand.

**CONCLUSION**

_____Plaintiff should not be allowed to withdraw his admissions due to the fact that they are not contrary to established facts in this matter.  The witness statements are nothing more than rank hearsay with no evidentiary value whatsoever and should not serve as the basis for any ruling. Further, the facts established by these admissions are ancillary to the majority of the claims made by Plaintiff.  With respect to any claims the admissions do affect, Plaintiff still has to prove use of the force was excessive in light of the circumstances, which may negate any weight carried by the admissions.

In this case, counsel for Defendants certified that he mailed the Requests, while counsel for Plaintiff has sworn that no such requests were received in the mail.  Yet, counsel for Plaintiff has acknowledged that he received a Notice of Service indicating the requests were mailed.  Defendants submit that Plaintiff has failed to show sufficient cause to allow the withdrawal of the admissions.

Counsel for Defendant takes no pleasure in filing the instant motion, nor is it the undersigned's desire to take advantage of another's error (if such error occurred).  The subject Requests for Admission were served to narrow down the issued to be contested.  The rule provides that if requests are not admitted or denied within the time provided therein, the requests are deemed admitted.  Defendants submit the requests should be deemed admitted.

**RESPECTFULLY SUBMITTED,** this, the 24th day of February.

> **WASHINGTON COUNTY, MISSISSIPPI, SHERIFF MILTON GASTON, in his Official Capacity, LIEUTENANT MACK WHITE, in his individual and official capacity, and DEPUTY MARVIN MARSHALL, in his individual and**

6

**official capacity, Defendants**

By: */s/ P. Scott Phillips*

P. Scott Phillips, Esq. (MS Bar #4168)

_____

**OF COUNSEL:**

**CAMPBELL DELONG, LLP**
**923 Washington Avenue**
**Post Office Box 1856**
**Greenville, MS 38702-1856**
**Telephone: (662) 335-6011**
**Facsimile: (662) 335-6015**
E-mail: dtominello@campbelldelongllp.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will provide electronic notification to the following person:

Derek L. Hall                derek@dlhattorneys.com

John Michael Duncan          michael@duncankentpllc.com

*/s/ Andrew F. Tominello, Esq.*

**MS Bar No. 104183**
**CAMPBELL DELONG, LLP**
**Attorney for Defendant**