IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MICHAEL PRINCE, JR.**                                                                                               **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 4:13CV00165-SA-JMV**

**WASHINGTON COUNTY, MISSISSIPPI, ET AL.,**                         **DEFENDANTS**

**Order on Motions to Withdraw Admissions [39]
and for Leave to File Out of Time Responses [41]**

This matter is before the court on Plaintiff's motions to withdraw admissions [39] and for leave to file out of time responses [41]. The matter having been fully briefed, the court finds, for the reasons discussed below, that the motions shall be granted.

Rule 36(b) permits the court to "permit the withdrawal or amendment [of admissions] if it would promote the presentation on the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." FED. R. CIV. P. 36(b). The court has the authority to allow a party to withdraw or amend his admissions when the moving party satisfies the two conditions contained in Rule 36. *See Le v. Cheesecake Factory Restaurants, Inc.*, No. 06-20006, 2007 WL 7152620, at *2 (5th Cir. March 6, 2007). The court may allow withdrawal or amendment if it "1) would serve the presentation of the case on its merits, but 2) not prejudice the party that obtained the admissions in its presentation of the case." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) (citation omitted).

Here, the admissions, as deemed admitted, are asserted by plaintiff to be contrary to the actual facts existing on the night in question. *See North Louisiana Rehab. Ctr., Inc. v. United States*, 179 F.Supp.2d 658, 663 (W.D. La. 2001) ( "In considering whether the presentation of

the merits will be facilitated by permitting an admission to be withdrawn, the court may look at whether the admission is contrary to the record of the case."). And, while the "proof" offered by way of the subject motions to support that assertion is both merely exemplary and slim, given the fact that 1) the plaintiff himself disputes the facts established in the admissions deemed to have been made; 2) it is in the early stage of this litigation; 3) there is an acknowledged lack of real prejudice to the defendants; and 4) there is a factual dispute as to whether the requests were received by counsel for the plaintiff (though counsel certainly received notice of service of the same), the court is inclined to and does exercise its discretion to allow the admissions to be withdrawn and the responses to be served out of time. However, the court also orders that any information Plaintiff has regarding the addresses or contact information for any witnesses required to be disclosed pursuant to his disclosure obligations be provided to Defendants within 1 day of the date of this order.

**So Ordered**, this the 28th day of February, 2014.

/s/ Jane Virden
**U. S. MAGISTRATE JUDGE**