## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

MICHAEL PRINCE                                                    **PLAINTIFF**

VS.                                        **CASE NUMBER:  4:13cv165-SA-JMV**

WASHINGTON COUNTY, MISSISSIPPI,
SHERIFF MILTON GASTON, in his Official Capacity,
LIEUTENANT MACK WHITE,
in his individual and official capacity,
DEPUTY MARVIN MARSHALL,
in his individual and official capacity, and
JOHN DOES 1-10                                                   **DEFENDANTS**

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES PROPOUNDED TO MACK WHITE

**NOW COMES** Defendant Mack White and responds to Plaintiff's First Set of Interrogatories as follows:

**INTERROGATORY NO. 1.:** If any of the Recordings requested by Plaintiff in his First Set of Requests for Production of Documents have been erased, deleted, seized, lost or otherwise destroyed, please describe how and why such occurred, and identify each person involved in the erasing, deleting, seizing, losing and/or destroying of such Recordings.

**RESPONSE:** No recordings requested by Plaintiff have been deleted.

**INTERROGATORY NO. 2.:** Identify all persons answering or supplying information used in answering these Interrogatories.

**RESPONSE:**  Defendant objects to Interrogatory No. 2 to the extent it seeks information which is protected by the Attorney-Client privilege and the Work Product Doctrine.  Without waiving the forgoing objection, Defendant asserts the responses to the interrogatories herein are the





result of a compilation of information from various sources within the Department. Lieutenant Mack White, by and through counsel and with the assistance of other employees of the Washington County Sheriff's Department, answered these interrogatories.

**INTERROGATORY NO. 3.:** State the name, address, telephone number, and position held for each person with personal knowledge regarding the facts and circumstances surrounding the happenings of the occurrence referred to in the complaint.

**RESPONSE:** Defendant objects to Interrogatory No. 3 on the grounds that it is overly broad and unduly burdensome. Furthermore, Defendant objects to the phrase "circumstances surrounding the happenings" as vague and ambiguous. Without waiving the forgoing objection, the answer to Interrogatory No. 3 can be obtained through examination of Defendants' Initial Disclosures. Other employees of the Washington County Sheriff's Department or other residents of 2587 Old Leland Road, which Defendant has not interviewed, may possess knowledge of facts relevant to this action. However, discovery is on-going and Defendant reserves the right to supplement this Response at any time prior to trial upon reasonable notice to Plaintiff's counsel.

**INTERROGATORY NO. 4.:** Identify each any every allegation in Plaintiff's Original Complaint filed in this lawsuit which you assert is false or inaccurate and specifically describe in detail all facts, proof, or evidence that you claim prove these allegations to be false or inaccurate, and identify the true or accurate facts which demonstrate or prove the falsity or inaccuracy of such allegations.

**RESPONSE:** Defendant objects to Interrogatory No. 4 to the extent it seeks to discover the mental impressions, opinions involving legal theories and/or the strategy of Defendant's legal counsel, and to the extent it requires Defendant to marshal his evidence in this matter. Without

waiving the forgoing objection, Defendant asserts the following allegations are false and/or inaccurate:

¶ 12:    This allegation is false and/or inaccurate. Upon arrival at the Wayne Pearson Trailer Park, deputies of the Washington County Sheriff's Department began interviewing the complainant and other individuals on scene. After their arrival, deputies heard gunshots being fired in another area of the trailer park. Deputies then learned that Plaintiff had been seen by a resident of the trailer park carrying a weapon. At this point, all deputies began searching for Plaintiff. Another deputy and myself began searching the wooded area behind the trailer park for Plaintiff. As I was searching, I heard Plaintiff rustling through the woods. I shined my flashlight on Plaintiff and told him to get down. Plaintiff then began to run. I chased Plaintiff and apprehended him. When I caught Plaintiff, I forced him, face down, onto the ground and placed my weight on him while I attempted to restrain his hands. As I was trying to place Plaintiff under arrest, he began to fight me, struggling to get free. Plaintiff knocked my radio, which I was trying to use to call backup, out of my hand. Plaintiff then began to grab at my belt near my service weapon. While I was struggling to get Plaintiff to stop resisting and to comply with my commands, backup arrived and, together, we were finally able to restrain Plaintiff. Other than placing weight upon Plaintiff and forcing his arms behind his back, no other force was used upon Plaintiff's person and Plaintiff was not struck by any Sheriff's deputy. Plaintiff was then told he was under arrest for the charges described in the Complaint. Thus, the allegations contained in ¶ 12 are false and inaccurate.

¶13:    Plaintiff was neither brutally beaten, nor beaten at all with a flashlight by any deputy of the Washington County Sheriff's Department in the course of his arrest, making this allegation false and inaccurate.

¶14:    Plaintiff had been identified by residents of the Wayne Pearson Trailer Park who informed Washington County Sheriff's Department deputies that he was armed. Further, he resisted arrest upon discovery by Sheriff's deputies. Plaintiff knocked my radio out of my hand and began to grab my belt near my service weapon as I was trying to restrain him. Arresting Plaintiff required myself and another deputy due to his resistance. Thus, this allegation is false and inaccurate.

¶15:    Deputies neither beat, nor used excessive or unlawful force, in the capture of Plaintiff, as described above. Thus, this allegation is false and inaccurate.

¶16:    Plaintiff was not beaten or subjected to unlawful force by any deputy. Thus, Defendant denies that it is a truthful or accurate characterization to state that Plaintiff's injuries were a result of such conduct on the part of any deputy of the Washington County Sheriff's Department.

¶17:    Washington County Sheriff's Deputies did not treat Plaintiff in a cruel and unusual manner, did not perform an unreasonable seizure, and did not deny him a liberty interest. After hearing gunshots fired in the trailer park, Deputies responded to eye-witness statements and began searching for Plaintiff. His arrest was effectuated without any violation of his constitutional rights and no unlawful force was used against his person. Thus, this allegation is false and inaccurate.

¶20:    All deputies of the Washington County Sheriff's Department receive standard officer

training. Furthermore, any policy of the Washington County Sheriff's Department's regarding use of force or instructing officers concerning the civil rights of a suspect neither literally nor figuratively constituted the proximate cause of Plaintiff's injuries. Thus, this allegation is false and inaccurate.

¶21: No "intentional and/or careless and/or negligent acts" on the part of Washington County Sheriff's Department deputies resulted in Plaintiff's injuries. Further, Plaintiff was not beaten, and no unlawful force was used, by any deputy, as described above. Thus, this allegation is false and inaccurate.

¶22: The injuries suffered by Plaintiff cannot be a direct and proximate result of the use of unlawful force by Washington County Sheriff's Department deputies because no such deputy used excessive or unlawful force on Plaintiff in effectuating his arrest, as described above. Thus, this allegation is false and inaccurate.

¶24: No deputy committed any act which can be described as the assault and/or battery of Plaintiff. Thus, this allegation is false and inaccurate.

¶25: Plaintiff's injuries and/or damages were not the direct and proximate result of any actions on the part of the Department or its deputies, who used reasonable and lawful force in the apprehension of Plaintiff, a fleeing suspect who was resisting arrest, as described above. Thus, this allegation is false and inaccurate.

¶27: Deputies did not commit any negligent or wrongful act or omission, including the negligent handling of Plaintiff's person, as described above. Thus, this allegation is false and inaccurate.

¶28: Defendant's did not commit any negligent or wrongful acts or omissions and,

therefore, such actions cannot be the immediate or proximate cause of the injuries and/or damages complained of by Plaintiff. Thus, this allegation is false and inaccurate.

¶30:    Deputies committed no grossly negligent or reckless acts upon Plaintiff's person, and did not strike Plaintiff in any manner with a metal flashlight, as claimed. Thus, this allegation is false and inaccurate.

¶31:    Deputies committed no intentional or negligent unlawful acts upon Plaintiff's person and, thus, such acts cannot be the immediate or proximate cause of the injuries complained of by Plaintiff. Thus, this allegation is false and inaccurate.

¶33:    Deputies did not deprive Plaintiff of any constitutional rights in effectuating his arrest, and Plaintiff is directed to the description of such actions as described above. Thus, this allegation is false and inaccurate.

¶34:    As stated in ¶33, no deputy deprived Plaintiff of any constitutional right, especially those enumerated in this paragraph. Thus, this allegation is false and inaccurate.

¶35:    Since no action on the part of any deputy constituted an unconstitutional or unlawful act, it is false and/or inaccurate to state that his injuries were the result of such acts.

¶37:    Sheriff's deputies used no unlawful force upon Plaintiff's person, as described above, and, therefore, it is false and inaccurate to characterize their actions as an interference with Plaintiff's constitutional or statutory rights within the meaning of the Constitution of the State of Mississippi or the statutory provisions of Washington County.

¶38:    Since the actions of deputies described above did not constitute an unlawful use of

force upon Plaintiff's person, it is false and inaccurate to characterize their actions as interfering with Plaintiff's exercise of his rights secured under the Constitution and laws of the state of Mississippi, especially those enumerated in this paragraph.

¶39:  Since the actions of deputies described above violated no constitutional right of Plaintiff in effectuating his arrest, it is false and inaccurate to characterize his injuries as a result of such violation.

¶41:  No deputy violated any constitutional right of Plaintiff, as described above, and, therefore, no action on the part of any deputy could be the result of the failure to properly train or supervise any deputy. Thus, this allegation is false and inaccurate.

¶42:  As there was no failure to train or supervise any deputy, the damages claimed to have been incurred by Plaintiff as a result of such alleged failures is false and inaccurate.

¶45:  No "clearly excessive force to the need" was used by deputies; the reasonable force used by deputies in arresting Plaintiff is described above in response to other allegations. Since no deputy used excessive or unlawful force, it is false and inaccurate to state any injury of Plaintiff could be the direct, immediate, or proximate result of such force.

¶46:  Since no excessive or unlawful force was used by deputies, no injury of Plaintiff can be the direct, immediate or proximate result of such force. Thus, this allegation is false and inaccurate.

¶48:  Plaintiff was deprived of no constitutional rights within the meaning of 42 U.S.C. § 1983 by any deputy of the Washington County Sheriff's Department. Thus, this allegation is false and inaccurate.

¶49:    Plaintiff's arrest was effectuated without the use of unlawful force or by any other unconstitutional act on the part of the Washington County Sheriff's Department or its deputies. Thus, no damages could be the direct, immediate, or proximate result of their actions, making this allegation false and inaccurate.

¶51:    Defendant's did not fail to provide adequate medical assistance to Plaintiff, making this allegation false and inaccurate.

¶52:    Upon his arrest, Plaintiff was asked if he needed medical attention. While being booked, an ambulance was called to the Sheriff's Department. Plaintiff refused medical attention and signed a release provided by the ambulance services. Upon arrival at the Washington County Regional Correctional Facility, correctional officers informed myself that Plaintiff needed medical attention. I retrieved Plaintiff from the correctional facility and transported him to the hospital. After an initial evaluation, Plaintiff was transferred back to the Washington County Regional Correctional Facility where he was released. Thus, this allegation is false and inaccurate.

¶54:    Plaintiff received no beating "at the hands of Sheriff's deputies" and, thus, could not suffer any damages of a personal and pecuniary nature, making this allegation false and inaccurate.

¶55:    Defendant did not use any unlawful force upon Plaintiff, making his allegations that his injuries described in this paragraph were the result of such force false and inaccurate.

¶56:    Defendant or any other deputy did not use any unlawful force upon Plaintiff, making his allegations that his injuries described in this paragraph were the result of such

force false and inaccurate.

¶57:   Defendant, or any other deputy, did not use any unlawful force upon Plaintiff and, thus, no act, omission, error, failure, breach, or conduct can possibly justify the punitive and/or exemplary damages requested. Thus, this statement is false and inaccurate.

Defendant's failure to address the truthfulness or accuracy of one or more of the allegations made by Plaintiff in his complaint is not an admission of the veracity of such allegation.

**INTERROGATORY NO. 5.:** Please state the following information for each witness which you intend to call to testify at the time of trial:

(a)    The full legal name of the witness;

(b)    The contact information of the witness, including the entity name (if applicable), title or position held (if applicable), mailing address and telephone number.

(c)    The educational and occupational background of the witness;

(d)    State the relationship between you and the witness; and

(e)    The general subject upon which the witness will testify.

**RESPONSE:** Defendant objects to this request as overly broad and unduly burdensome. Without waiving the forgoing objection, Defendant has not yet determined who it will call as a witness at the trial of this case. However, the Plaintiff is put on notice that any and all individuals identified in its initial disclosures and through discovery (including but not limited to written and oral discovery) as well as any individual whose name appears within any records produced in discovery are subject to being called as witnesses at trial. Such individuals include, but are not

limited to, those individuals identified in these interrogatory responses. Other potential trial witnesses include any individual whose testimony is necessary to sponsor or authenticate any item of proof for the purpose of having it admitted into evidence at trial. Defendant's list of trial witnesses will be disclosed in the pretrial order for this case, with the exception of witnesses to be called solely for the purpose of impeachment.

**INTERROGATORY NO. 6.:** Please list each and every exhibit that you intend to have admitted into evidence at the time of trial and for each exhibit, please state;

        (a)        the name, professional status, job title, and address of each individual who presently has custody of the original of the exhibit; and The contact information of the witness; including the entity name (if applicable), title or position held (if applicable), mailing address and telephone number.

        (b)        The name, address, job title, and professional status of each and every witness from whom you will, at the time of trial, elicit testimony to admit the exhibit as evidence.

**RESPONSE:** Defendant objects to Interrogatory No. 6 on the grounds it is overly broad and unduly burdensome. Without waiving the foregoing objection, Plaintiff is put on notice that any and all documents and other evidence identified in initial disclosures or through discovery (including but not limited to written and oral discovery) are subject to being used as an exhibit at trial. This includes, but is not limited to, any and all documents and evidence identified in these Responses. Defendants' list of trial exhibits will be disclosed in the pretrial order for this matter with the exception of documents or other evidence which will be used solely for the purpose of impeachment.

**INTERROGATORY NO. 7.:** Please state, in detail, all of the facts and circumstances that

10

lead to your presence at the Wayne Pierce trailer park on Leland Road on the night on March 17, 2012. Include who made the call for assistance, any recording from the dispatch or 911 logs and any and all information person relayed during the call.

**RESPONSE:** The answer to Interrogatory No. 7 can be derived through an examination of Defendants' Initial Disclosures, Defendant's Response to Interrogatory No. 4, and those documents and other evidence produced in Response to Plaintiff's Requests for Production.

**INTERROGATORY NO. 8.:** Please state, in detail, all of the reasons for the Plaintiff's arrest and identify each individual who participated in any manner in the decision to arrest Plaintiff. Include who each individual Defendant consulted with and/or who provided information relating to the decision to arrest Plaintiff and describe in detail the role of that person in the decision to arrest Plaintiff and/or the information provided by each individual.

**RESPONSE:** Defendant objects to this request as overly broad, unduly burdensome, vague, assumes facts not in evidence, and to the extent that it constitutes a mis-characterization of the facts. Without waiving the forgoing objection, the answer to Request No. 8 can be derived through examination of Defendants' Initial Disclosures and Defendant's Response to Interrogatory No. 4.

**INTERROGATORY NO. 9.:** Identify any written or recorded statements or transcripts of oral statements of any person relevant to this action which you or your attorney possess or believe to exist, set forth the date on which any such statements were given, identify each individual present, identify each document recording or relating to such statement, and identify the individuals or entities in possession of such documents.

**RESPONSE:** Defendant objects to Interrogatory No. 9 as overly broad, unduly burdensome, vague, to the extent it seeks information protected by the attorney-client privilege and the work

product doctrine, and to the extent it seeks to force Defendant to predict, at his peril, whether a document relates to a statement. Without waiving the forgoing objection, the answer to Request No. 9 can be derived through examination of Defendants' Initial Disclosures.

**INTERROGATORY NO. 10.:** Please state any and all training, seminars, in services, and all formal and informal training you received on use of force during your career as a law enforcement officer.

**RESPONSE:** The answer to this request can be derived through an examination of Defendants Washington County, Mississippi and Sheriff Milton Gaston's Response to Plaintiff's Request for Production No. 3, Defendant Mack White's Response to Request for Production No. 3 and Defendants' Initial Disclosures.

**INTERROGATORY NO. 11.:** If you have been involved in any legal proceedings of any kind in the preceding ten (10) years in which you were a defendant, for each matter state:

      (a)      The type of matter and nature of the claims;

      (b)      The names of the involved parties;

      (c)      The date proceedings were commenced;

      (d)      The venue, case caption, and case number of any such proceedings; and

      (e)      The name and contact information for opposing counsel.

**RESPONSE:** Defendant objects to this request as overly broad, unduly burdensome, vague, ambiguous, is not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information that is available in a way that would be less burdensome or expensive from some other source by Plaintiff, and to the extent it does not reasonably limited in scope as required by the *Federal Rules of Civil Procedure*. Without waiving the forgoing objection, the answer to this

Request can be derived through an examination of the documents produced in Defendant's Response to Request for Production No. 4.

**INTERROGATORY NO. 12.:** Please list the name, address, and telephone number and the employers name, address and telephone number for each expert witness you expect to call as a witness at trial, and with respect to each individual state:

      (a)      The educational and occupational experience background of the expert;

      (b)      All litigation in which each expert has been consulted or has given a deposition or has testified in trial, including the name and address of the court in which each case was pending, the names of the plaintiffs and defendants in each case, the name and address of the person engaging the services of such expert, the name of the person on whose behalf the expert testified, and whether such person was a plaintiff or defendant in the case;

      (c)      The subject matter or area on which each expert will testify;

      (d)      The substance of the facts and opinions, and summary of the grounds for each opinion of each expert named by you in answer to this interrogatory; and

      (e)      Whether each identified expert has completed preparation for testifying and is ready to express final opinions in this case, or, if the answer is to the contrary, when each expert will have completed preparation and will be ready to express final opinions in this case.

**RESPONSE:** Defendant has not yet determined whom he may call as an expert witness in this matter. However, this Response will be supplemented as appropriate.

**INTERROGATORY NO. 13.:** At the time of events alleged in the Complaint, was there

in effect a policy of insurance through which you were or might be insured in any manner. If so, for each policy state:

      (a)     The name and address of each insurer;

      (b)     The name, address, and telephone number of each named insured:

      (c)     Whether any reservations [sic] of rights or controversy or coverage dispute exists between you and the insurance company;

      (d)     Does the policy include an eroding limit; and

      (e)     The policy declaration page.

**RESPONSE:** See Defendants Washington County and Sheriff Milton Gaston's Response to Request for Production No. 1.

**INTERROGATORY NO. 14.:** If you have ever been a defendant in a complaint, claim or suit alleging abuse of lawful authority or excessive use of force, please state the name and address of each Plaintiff, the name and address of each Defendant besides yourself, the nature of the cause of action, the date(s) the suits were initiated, the court each suit was filed, the name and address of the attorney representing each Plaintiff and the disposition of each suit.

**RESPONSE:** Defendant objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is available in a way that would be less burdensome or expensive from some other source. Without waiving the forgoing objection, Defendant has not been involved in any type of lawsuit described above.

**INTERROGATORY NO. 15.:** Please state whether or not you (in your official or individual capacity) have been involved in any complaints of alleged excessive force, false arrest, false

imprisonment or civil rights violations, lodged by another officer, or a citizen. If yes, state the following: (1) the name of the lodging officer, (2) the date complaint lodged, (3) whether an internal investigation was initiated.

**RESPONSE:** I have never been involved in any complaints described in Interrogatory No. 15.

**INTERROGATORY NO. 16.:** Please identify and describe in detail Lieutenant Mack White's work history with the Washington County Sheriff's Office, including:

      (a)     Date of hire;

      (b)     Job titles and dates of dates [sic] employed in each position, as well as a description of job duties for each position of employment;

      (c)     The names of any and all of Lieutenant Mack White's supervisors and the dates during which each individual served as Lieutenant Mack White's supervisor;

      (d)     Describe the frequency and procedures set in place for evaluating Lieutenant Mack White's job performance; and

      (e)     Describe the cause of each disciplinary action taken against Lieutenant Mack White and the disciplinary procedures followed and exact dates of those procedures.

**RESPONSE:** Please see Defendants Washington County, Mississippi and Sheriff Milton Gaston's Response to Plaintiff's Request for Production No. 3.

**INTERROGATORY NO. 17.:** If you claim you did not use force against the person of Michael Prince on the night in question, please state in detail all facts that you possess regarding the

person, or persons who may have used force against Michael Prince on the night in question.

**RESPONSE:** The answer to this Request can be derived through an examination of Defendants' Initial Disclosures and Defendant's Response to Interrogatory No. 4.

**INTERROGATORY NO. 18.:** Please describe in detail the procedures followed by you regarding the "Use of Force" policy in effect at the time of the incident in question, stating what assessments you made before using force of any kind against the person of Michael Prince, the Plaintiff.

**RESPONSE:** Defendant objects to this Request to the extent it seeks duplicitous information. Without waiving the forgoing objection, see Defendant's Response to Interrogatory No. 4 and 17.

**INTERROGATORY NO. 19.:** Please describe in detail all facts, actions and circumstances in affecting the actual physical arrest and the taking of Michael Prince into custody on the night in question.

**RESPONSE:** The answer to this Request can be derived through an examination of Defendants' Initial Disclosures and Defendant Mack White's Response to Interrogatory No. 4.

**INTERROGATORY NO. 20.:** If you claim that any force was authorized by you against the person of Michael Prince, please state in detail all facts giving rights to the use of such force, as well as the specific policy or procedure authorizing such conduct in your use of force policy or guidelines.

**RESPONSE:** The answer to this Request can be derived through an examination of Defendants' Initial Disclosures and Response to Interrogatory No. 4.

**INTERROGATORY NO. 21.:** Do you claim any admission against interest has been made

by the Plaintiff? If so, state the content of the alleged admission and describe the, location, and circumstances of its occurrence; and identify all witnesses to the alleged admission.

**RESPONSE:** The answer to this Request can be derived through an examination of Defendants' Initial Disclosures and Defendant's Response to Interrogatory No. 4.

**INTERROGATORY NO. 22.:** Please state the name, last known address, present whereabouts, if known, age, place of employment, home and business telephone number of each person known or believed by you or any acting in your behalf to have been an eye witness to the incident set forth in the pleadings in this action, was within the sight or hearing of the incident, has first hand knowledge of the facts and circumstances of the incident, the cause thereof or the damages to the Plaintiff.

**RESPONSE:** Defendant objects to Interrogatory No. 22 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and to the extent it seeks to invade the attorney client privilege or the work product doctrine. Without waiving the forgoing objection, the answer to Interrogatory No. 22 can be obtained through examination of Defendants' Initial Disclosures. Other employees of the Washington County Sheriff's Department or other residents of 2587 Old Leland Road, which Defendants have not interviewed, may possess knowledge of facts relevant to this action. However, discovery is on-going and Defendants reserve the right to supplement this Response at any time prior to trial upon reasonable notice to Plaintiff's counsel.

**Respectfully Submitted,**

**Mack White in his official and individual capacity**

Resp. 1st Inter. (Mack White).wpd

17

By: _____

**Mack White**


**STATE OF MISSISSIPPI**

**COUNTY OF WASHINGTON**

    **PERSONALLY APPEARED BEFORE ME,** the undersigned authority in and for the aforesaid state and county, the within-named **Mack White,** who, being first duly sworn, stated on his oath that he is the Sheriff of Washington County, Mississippi; that he has read the foregoing answers to interrogatories by him subscribed and knows the contents thereof; that said responses were prepared with the assistance and advice of employees and representatives of Washington County, Mississippi and the Washington County Sheriff's Department, upon which he has relied; that the responses set forth herein are based on and therefore necessarily limited by the records and information still in existence, presently collected and this far discovered in the course of preparation of these responses; that consequently, he reserves the right to make any changes in the responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations as set forth herein, the aforesaid responses are true to the best of his knowledge, information and belief; and that he was and is duly authorized to act for and on behalf of said association in the premises; and that, pursuant to such authority and in such capacity, he signed his name and acknowledged said instrument to be the free act and deed of said association, as well as in his individual capacity.

_____

**Mack White**


    **SWORN TO AND SUBSCRIBED BEFORE ME, THIS,** the 3rd day of February, 2014.

_____

**Notary Public**

**My commission expires:**

11-28-15


**AS TO OBJECTIONS:**

**P. SCOTT PHILLIPS, MSB NO. 4168**
CAMPBELL DeLONG, LLP
923 Washington Avenue (zip 38701)
P.O. Box 1856
Greenville, MS 38702-1856
Telephone: (662) 335-6011
Facsimile: (662) 334-6407
E-Mail: sphillips@campbelldelongllp.com

## CERTIFICATE OF SERVICE

I, P. Scott Phillips, attorney for Defendants Washington County, Mississippi, and Sheriff Milton Gaston, in his official and individual capacities, certify that I have this day mailed, postage prepaid, a true and correct copy of the foregoing document to:

> Derek L. Hall, Esq.
> Derek L. Hall, PLLC
> 1911 Dunbarton Drive
> Jackson, MS 39216

> Michael Duncan
> Duncan Kent, PLLC
> 571 Highway 51, Suite B
> Ridgeland, MS 39157

**THIS**, the 3rd day of February, 2014.

**P. SCOTT PHILLIPS**

Resp. 1st Inter. (Mack White).wpd

19